168 So. 665

**MILLHOUSE v. STATE.**

1 Div. 895.

Supreme Court of Alabama.

April 23, 1936.

Rehearing Denied June 18, 1936.

Rosa Gerhardt, of Mobile, for appellant.
A. A. Carmichael, Atty. Gen., for the State.

BOULDIN, Justice.

Motion was made to quash the indictment upon the ground that defendant is of the Negro Race, and, in the selection of the grand jury which found the indictment, numbers of his race were systematically excluded because of race. That the motion presented good ground to quash the indictment is unquestioned. Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074.

On the hearing of the motion defendant introduced the census records showing the white male population of Mobile county to be 37,951, and the Negro male population 19,659.

Witness Shearer testified that he became a jury commissioner May 29, 1935, and a new jury roll had not been made up between that date and the drawing of the grand jury which returned the indictment July 18, 1935.

The main witness offered by defendant on the hearing of the motion to quash was H. Austill Pharr, a member of the jury commission. Rulings of the court sustaining objections of the state to questions propounded to this witness present the questions for review. The entire examination of this witness appears in the report of the case.

While the several questions may have been more aptly framed, we are of the opinion that the general tenor of the examination was permissible. True, of course, the aim was to show whether the names of Negroes were systematically excluded from the jury box from which this grand jury was drawn. The questions called for the following: Was it a fact that during the entire time, some four years, of this witness' service, Negroes had been systematically excluded because of race? Had any additional names been put in the box prior to the drawing of this grand jury? If so, were they not a few selected as colorable compliance with the law in anticipation of this case? Were there not less than ten Negroes so selected?

Whether any Negro was on the grand jury drawn is not sufficient to prove such motion, but it was a proper circumstance to be considered along with other evidence.

The trial court was in error in the rejection of the proposed evidence.

We would impress upon trial courts and jury commissions the importance of full compliance with the jury laws, that the rights of all accused under the Federal Constitution, as construed by the Supreme Court of the United States, shall be fully conserved. The Act of August 27, 1935 (Gen.Acts 1935, p. 713), was designed to give circuit judges more clearly defined power and discretion in having jury boxes refilled, when found necessary or expedient in the administration of justice.

For the errors noted, the judgment of conviction is reversed and the cause remanded.

Let the defendant remain in custody until discharged by due process of law.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

THOMAS, FOSTER, and KNIGHT, JJ., dissent.