177 So. 553

## VAUGHN v. STATE.

### I Div. 946.

Supreme Court of Alabama.

Dec. 9, 1937.

Rosa Gerhardt, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

KNIGHT, Justice.

The appellant was indicted by a grand jury of Mobile county, at its October, 1936, sitting, for the offense of murder in the first degree.

Upon his trial on this indictment, the appellant was convicted of murder in the first degree, and his punishment fixed at death by electrocution. From this judgment and sentence the appellant brings this appeal.

For this same offense, the appellant had been previously indicted by a grand jury of said county, and upon trial under said indictment the appellant was convicted of

murder in the first degree, and his punishment was then fixed at death. From that judgment and sentence the appellant prosecuted an appeal to this court. On that appeal we reversed the judgment of conviction, and remanded the cause. R. P. Vaughn, alias Albright, v. State, 232 Ala. 594, 168 So. 668.

Upon the reversal and remandment of the cause, a new indictment, the one now before us, was returned by the grand jury of Mobile county, and it was upon this last indictment that the appellant was tried and convicted.

The appellant, defendant in the court below, on October 20, 1936, while said indictment was pending against him, filed a plea in abatement to the indictment, and motion to quash the same. Attached to said plea were the affidavits of four citizens of Mobile county.

The plea in abatement and motion to quash the indictment are predicated upon the ground that the appellant is a "negro of the African race," and that "the indictment found against him was and is null and void and without legal effect, and was found against him in a manner and by methods contrary to law, in that persons of the negro race, duly qualified under the laws of the State of Alabama to serve as members of the grand jury that found the said indictment, were excluded from the list from which the said grand jury was drawn, and from the said grand jury, solely by reason of their race and color." There were other grounds stated, but they were all, in legal effect, the same as the above-quoted ground.

■ We have heretofore held that such plea and motion was good, and the lower court so held. Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, supra.

On the hearing of said plea in abatement and motion, the defendant read in evidence the affidavits of Dr. J. A. Franklin, Dr. P. W. Goode, Rev. E. B. Bizzell, and Rev. J. D. Cauthen, and certificate of Mrs. Marie B. Owen, director of the Alabama State Department of Archives and History, showing the population of Mobile county, the number of whites and the number of negroes, also the number of white males and negro males, and also called and examined as a witness in his behalf H. Austill Pharr, and John Shearer, two of the jury commissioners of Mobile county, and also E. H. Dolbear, the secretary of the board of jury commissioners. The

State called and examined W. B. Blackman, a deputy sheriff of Mobile county, George Herman, and L. C. McCreary, one of the court bailiffs.

Mr. Pharr, one of the jury commissioners, called by defendant, testified, in substance, that he had served as a member of the jury commission for the last past five years, that the board had made an honest and diligent effort to obtain the names of all qualified citizens, white as well as negro, for jury service, and that they had placed the names of such qualified persons on the list, and in the jury box; that there had been no exclusion of negroes from the list and box because of race or color during the last past five years. He further testified: "No member of the commission, so far as I know, has refrained from placing in the jury box the name of a man just because he was colored. The jury commission has not done that since I have been on the board. I have been on it for the past five years." The testimony of this witness shows that negroes have been serving on the juries of Mobile county during the past five years, and that the names of negroes are now on the jury roll, and have been for the past five years.

To the same effect was the testimony of Mr. Shearer, the other jury commissioner summoned and examined by the defendant.

Mr. Blackman, a deputy sheriff, testified to the fact that negroes served on juries in said county.

George Herman, a negro called by the State, testified that he had been called for jury service, in said county and had served for a week during the past three or four weeks; that his brother had also served as a juror; and that four other negroes served on the jury during the week he served.

Mr. McCreary, who had been serving as a bailiff of the circuit court of Mobile county for the last past twelve and a half years, testified that during that period of time "ever since I have been here," "negroes, colored men of African blood and African negroes served here on the jury."

The testimony shows that some of the persons, listed in the affidavits submitted by defendant as possessing jury qualifications, have been serving as jurors in said county.

■ The qualification of persons to serve as jurors is largely discretionary with the jury commission, except there must

be no exclusion on account of race or color. Collins v. State, 234 Ala. 197, 174 So. 296.

 A consideration of the evidence leads us to the conclusion that there has been no exclusion of negroes from the jury roll or jury box of Mobile county on account of race or color. The court therefore committed no error in overruling the plea and motion to quash the indictment.

For like reasons, the court committed no error in overruling the defendant's motion to quash the special venire drawn for the trial of the defendant. The motion was similar to the motion to quash the indictment, and was rested upon the same evidence.

On the trial, the defendant reserved a number of exceptions to the admission and exclusion of evidence.

There was no error in permitting the State to introduce in evidence the green shirt, black zipper sweater, gray cap, and gray overcoat. The green shirt, gray cap, and gray overcoat were identified by Mrs. Sanne, the wife of deceased, as having been worn by the defendant at the time he killed her husband, and were afterwards found in the possession of this defendant. The black zipper sweater was also identified by Mrs. Sanne as having been worn by Frank Millhouse at the time of the killing. The testimony tends to show that it was Millhouse who robbed the cash drawer, as this defendant killed Mr. Sanne, and shot Mrs. Sanne. This black zipper sweater was taken off Millhouse at time of his arrest.

Nor was there any error in permitting the State to ask Millhouse, when testifying for the defendant, if he had not been convicted of larceny and murder. Code, § 7723; Wells v. State, 131 Ala. 48, 31 So. 572; Carpenter v. State, 193 Ala. 51, 69 So. 531.

After the witness Sam Ryland had testified that he knew Millhouse, a witness for defendant, the State propounded this question to said witness, "Do you know his general reputation for truth and veracity?" To this question defendant objected on the grounds "as incompetent, irrelevant, immaterial and illegal." The court overruled the objection. There was no error in overruling the objection as interposed to the question. If the question, to be proper, should have called for testimony as to his general character, reputation for truth and veracity in the neighborhood in which the person inquired about lived, it is only necessary to point out that no such specific objection was made to the question. Sanders v. Knox et al., 57 Ala. 80.

The remaining objections and exceptions reserved by the defendant are so patently without merit that we do not feel called upon to discuss them.

It only remains to be said that the record proper has also been examined, and it is in all respects regular and free from error.

Finding no reversible error in the record, the judgment appealed from must be affirmed. It is so ordered.

The day set by the trial court for the execution of the defendant having passed, pending this appeal, it is ordered that Friday, the 28th day of January, 1938, be and the same is hereby fixed and set for the execution of the sentence of death heretofore pronounced upon the defendant.

Affirmed.

All the Justices concur.