36 So.2d 117

**WALKER v. STATE.**

8 Div. 618.

Court of Appeals of Alabama.

June 15, 1948.

W. A. Barnett and Geo W. McBurney, both of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

616

CARR, Judge.

On an indictment charging assault with intent to murder, the accused was convicted of assault and battery.

The evidence for the State tended to show that the appellant struck Mr. H. L. Barnett a severe blow on the head with a pistol. If the contention of the prosecution is to be accepted, the assault was unprovoked and without legal excuse.

The defendant admitted that he struck Mr. Barnett, but claimed that the lick was made only with his fist and this at a time when the injured party was reaching in his pocket for what the appellant surmised was some kind of weapon.

The difficulty had its inception in a dispute over a boundary line and on the claim on the part of the defendant that Mr. Barnett had been trespassing on his property.

The evidence took a wide scope. The parties seemed to be content to "air out" the entire matter.

We have given due consideration to each ruling of the court which was made during the introduction of the evidence. We do not here find any question that deserves treatment. Appellant's counsel does not insist in brief that error should be charged to any ruling of the court in this particular.

It is urged that on two occasions the solicitor went out of bounds of legitimate argument in his closing summary to the jury.

■ Objections were interposed to this statement, "He came out of the bushes." This is a very fragmentary portion of the argument and under the familiar rule is not sufficient to require review. Ferguson v. State, 24 Ala.App 491, 137 So. 315.

This aside, if the assertion was intended to apply to the defendant, it finds support in the evidence. Mr. Barnett testified, "* * * so we went up there to see the wood and he (defendant, we interpolate) had come out of the bushes just inside the wire fence."

With reference to the other objection the record discloses:

"Defense counsel moves to exclude the statement of the solicitor 'that the attorney, Mr. Barnett, ought to pray for himself and that he believed charity ought to start at home', as being illegal and highly prejudicial.

"By the Court: Let the record show the defense attorney in his argument to the jury stated that 'he prayed for a fair trial'. The defendant reserves an exception to the statement of the Court.

"The Court cont'd: And that the solicitor in his argument stated that 'Mr. Barnett said in his argument that he prayed for a fair trial; that he didn't disapprove of him praying or making light of it but that in view of his conduct in the case that he should pray for himself'. The Court overruled the motion. The defendant excepts."

■ Much latitude is given counsel in making reply to argument of "like kind." Hines, etc., v. Paden, 204 Ala. 592, 87 So. 88; Elmore v. State, 21 Ala.App. 410, 109 So. 114; Hanners v. State, 147 Ala. 27, 41 So. 973.

■ Since the appellant's attorney saw fit to apprise the jury that he had "prayed for a fair trial", the invitation was extended to the solicitor to make some comment on the disclosure. We do not agree that the statement about which complaint is made subjected counsel to ridicule. Off-record remarks of this nature are not calculated to influence the jury in reaching its verdict.

There are a number of refused charges. Our criticism of these will be brief. We do not wish to be understood as holding that the faults we state are the only ones contained in the instructions.

Those numbered 9, 15, BB and W relate to assault with intent to murder. The verdict of the jury eliminated this offense. Brake v. State, 8 Ala.App. 98, 63 So. 11; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412.

The following are not predicated on the evidence in the case: 1a, 6a, 8a, 9a, 10a,

14a, and N. Edwards v. State, 205 Ala. 160, 87 So. 179; Minor v. State, 15 Ala. App. 556, 74 So. 98.

 Many of the charges are elliptical or contain misused words. These defects were likely caused by the fault of the draftsman, but written instructions must be given or refused in the terms in which they are tendered. Title 7, Sec. 273, Code 1940; Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296; Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699. In this respect the following charges are defective: 1b, B, C, H, J, and Q.

■ Refused charge number 5b is abstract. The appellant did not offer evidence of his good character. Jackson v. State, 5 Ala.App. 306, 57 So. 594.

■ Charges 12, A, F, and K give undue emphasis to disputed and controverted facts and are invasive of the province of the jury. Ray v. State, 248 Ala. 425, 27 So. 2d 872; Jennings v. State, 15 Ala.App. 116, 72 So. 690.

■ Charge denoted M attempts to instruct on the doctrine of self defense, but omits to include the necessary conditions incident thereto. Parsons v. State, 32 Ala. App. 266, 25 So.2d 44; Peel v. State, 144 Ala. 125, 39 So. 251.

Refused charges E, I, O, P, and S fail to specify all the essential elements of self defense.

■ Charge number 5 was properly refused. Bankhead v. State, ante, p. 269, 32 So.2d 814.

■ The refusal of charge AC calls for special treatment. In the instant case both the State and the defendant presented a full disclosure of the facts incident to the main event. An irreconcilable conflict arose from this presentation. The factual issue centered solely around whether or not the accused acted in self defense. Neither the State nor the appellant was confronted with a "lack of evidence" to sustain the respective position. The charge deserves the criticism of being contradictory of its own terms. We cannot see how a consideration of *all* the evidence could effectively include any facts not proven. Omitted proof does not constitute a part of the evidence. It is true that the absence of sufficient satisfying evidence may afford grounds for a reasonable doubt of defendant's guilt. The burden of proof cast on the State in criminal cases gives potency and effect to this doctrine.

We are not unmindful of the fact that this court approved this identical charge in Stafford v. State, Ala.App., 31 So.2d 146;[1] whether correctly so or not we are not now called upon to decide. We are here confronted with factual issues that are not in any way comparable to those in the Stafford case.

In the case at bar we hold that it was not reversible error to refuse the instruction.

The judgment of the court below is ordered affirmed.

Affirmed.