57 So.2d 625

### THOMAS v. STATE.
### 6 Div. 311.

Supreme Court of Alabama.
March 13, 1952.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

Norman K. Brown, Jesse W. Davis and Wm. Hugh McEniry, all of Bessemer, for appellant.

126

LAWSON, Justice.

Appellant, Eddie Thomas, was indicted for rape by a grand jury of Jefferson County, Bessemer Division. He was unable to employ counsel, so at the time of arraignment the trial court, under the provisions of § 318, Title 15, Code 1940, as amended, appointed members of the Jefferson County Bar to represent him. Upon arraignment, Thomas pleaded not guilty. The jury found him guilty and imposed the death penalty. Judgment and sentence were in accord with the verdict. The appeal here is under the automatic appeal statute. §§ 382(1)–382 (13), Title 15, Code 1940, 1949 Cum. Pocket Part, pp. 78–81, Vol. IV, 1940 Code.

It is insisted that the trial court erred in overruling and denying defendant's motion to quash the "jury venire" on the ground that the defendant is a member of the Negro race and that Negroes were regularly and systematically excluded from jury service.

The State called no witnesses and so the only question before us is whether appellant made out a prima facie case of a discriminatory exclusion of Negroes from the trial venire. Hill v. State of Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559.

The motion filed in behalf of defendant was made by his counsel. It was not sworn to by counsel or by the defendant.

The jury commissioners were not called, nor were any of the records of the commission introduced in evidence.

 This court is fully mindful of the fact that systematic exclusion of Negroes on account of their race and color from the jury box and jury rolls requires, on proper and timely motion and showing, the quashing of a venire drawn from such a box. Yet, a careful reading of the evidence in this record fails to show that the defendant made out a prima facie showing that Negroes had been systematically and arbitrarily excluded from jury service because of their race or color. The only evidence tending in any wise to support defendant's contention is the statement made by the clerk of the circuit court, who had nothing to do with the filling of the jury box or preparing the jury rolls, that he did not remember a member of the Negro race having served on the jury in that county within the past two years, although in the political subdivision involved there were nearly as many colored people as there were white people. On the other hand, the only other witness called by the defendant whose testimony bears in any wise on this question testified that on every jury list served there are always some Negroes on it and in fact, a Negro was on the venire for the week during which the defendant was tried and was excused on his own request. The evidence further tends to show that it is the custom and practice for members of the Negro race drawn for jury service to ask to be excused due to the fact that they suffer considerable loss of income by performing jury duty.

The facts of this case differentiate it from the following cases: Pierre v. State of Louisiana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757; Smith v. State of Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84; Hill v. State of Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559; Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184,

92 L.Ed. 76; Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839.

There is no reason to make a detailed statement of the evidence. For the purposes of this appeal, the following summary will suffice.

The evidence for the State not only tended to show the commission of the crime of rape, but that the accused, Eddie Thomas, committed the crime.

The prosecutrix, a white woman, testified that on the night of October 14, 1950, a Negro man entered her home and forced her to go into the back yard, where he ravished her. Medical testimony tended to support her claim that she had been ravished. The prosecutrix gave the officers a description of the man who had attacked her and drew a sketch of him. Thomas was arrested shortly thereafter. He was taken to the hospital where prosecutrix was a patient. She identified him. Later the accused gave a statement to the officers as to his whereabouts at the time the crime was alleged to have been committed, wherein he set up an alibi. After checking the statement, the officers again questioned Thomas, after advising that his alibi was not supported. Thomas then gave a detailed statement wherein he admitted his guilt.

On the trial Thomas denied his guilt and repudiated the alleged confession, contending that it was extorted from him by coercive methods. He sought to prove an alibi, but as we read the record, his statement as to his whereabouts at the time the offense was alleged to have been committed stands uncorroborated.

The evidence was not only sufficient to take the case to the jury on the charge of rape, but was amply sufficient to support the verdict of the jury.

There is no merit in the contention that the confession of the accused was improperly before the jury.

Extrajudicial confessions are prima facie involuntary and inadmissible and the duty rests in the first instance on the trial court to determine whether or not a confession is voluntary and unless it so appears, it should not be admitted.

Before the confession was admitted, the State introduced evidence tending to show that no threat was ever made against accused; that he was not physically mistreated; that he was not told it would be better for him to make a confession or worse for him if he did not; that no reward was offered or held out to him to get him to confess; that no inducement of any kind was made to him; that he was told that he did not have to make a statement. Counsel for accused was permitted to examine at length the witnesses for the State before the confession was admitted. This examination did not in any wise tend to show that the confession was involuntarily made.

We think the predicate as laid by the State was in all respects sufficient to show prima facie that the confession was made voluntarily, there being nothing in the record to indicate that under the circumstances prevailing at the time it was made, when considered with the age, character, and situation of appellant, he was deprived of his free choice to admit, to deny, or to refuse to answer. Arrington v. State, 253 Ala. 178, 43 So.2d 644; Phillips v. State, 248 Ala. 510, 28 So.2d 542, and cases cited.

The questioning of a suspect while in the custody of law enforcement officers is not prohibited either by the common law or by the Fourteenth Amendment, nor is a confession rendered inadmissible solely by virtue of the fact that it was made while the accused was in the custody of such officers. Under the decisions of this court, the fact that a confession is made while the maker is under arrest does not render it inadmissible. Nor is a confession rendered inadmissible merely by virtue of the fact that the officers to whom the confession was made were armed. Phillips v. State, supra, and cases cited.

There was no evidence of protracted questioning or the use of any high-powered lights or similar devices as are sometimes said to be found in a homicide investigating office. Accused was not required to disrobe. It does not appear that any request of accused for food, drink or cigarettes was denied or that he was kept incommunicado. Accused was in the presence of his wife

128

when arrested and it does not appear that she or any member of his family was denied the opportunity of visiting with him prior to the time the confession was made.

True, accused when examined as a witness gave evidence to the effect that the confession was extorted from him by coercive methods, but the probative effect to be given the confession was for the jury.

On the whole evidence with respect to the confession, there is nothing to show that the trial court's action in admitting the confession was manifestly wrong or that defendant's rights under the federal constitution were infringed. Phillips v. State, supra; Peoples v. State, Ala.Sup., 56 So.2d 665.

■ There was no error in permitting the State to introduce in evidence certain articles of clothing which the evidence tends to show accused was wearing at the time the offense was committed and upon which certain stains appeared. Vaughn v. State, 235 Ala. 80, 177 So. 553; Daniels v. State, 243 Ala. 675, 11 So.2d 756, certiorari denied, 319 U.S. 755, 63 S.Ct. 1168, 87 L.Ed. 1708; Smith v. State, 247 Ala. 354, 24 So.2d 546; Id., 248 Ala. 363, 27 So.2d 495. The contention of counsel for appellant that the clothing was inadmissible "because it was unlawfully taken from residence of defendant" is fully answered by the opinion prepared for the court by Mr. Justice Simpson in the recent case of Ex parte City of Mobile, 251 Ala. 539, 38 So.2d 330.

In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We have dealt herein with all questions calling for treatment. We find no reversible error in the record and the cause is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.