126 So.2d 474

**Ex parte Willie SEALS, Jr.**

**Willie SEALS, Jr.**

**v.**

**STATE of Alabama.**

**1 Div. 949.**

Supreme Court of Alabama.

Jan. 26, 1961.

Chas. S. Conley, Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

Willie Seals, Jr., was convicted in the Circuit Court of Mobile County, Alabama, of the offense of rape. He is a Negro and his victim was a white woman.

On appeal to this court, Seals' conviction was affirmed, ante, p. 142, 122 So.2d 513.

The indictment against Seals was returned by the grand jury of Mobile County on October 24, 1958. He entered a plea of not guilty and was tried by a jury, which, on December 4, 1958, returned a verdict of guilty as charged and fixed his punishment at death.

Seals was represented at his trial by Honorable Wallace L. Johnson who did not file either a plea in abatement or a motion to quash the indictment, nor did he move to quash the venire or for a change of venue.

The judgment of conviction was affirmed by this Court on June 2, 1960, and his application for rehearing was denied on August 18, 1960.

Seals has filed in this Court his petition to be permitted to file a petition for writ of error coram nobis in the trial court. Such is the proper procedure in view of the fact that the judgment of the Circuit Court of Mobile County was affirmed here. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659, affirmed 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed 1935; Ex parte Williams, 268 Ala. 535, 108 So.2d 454, and cases cited.

The attorney representing Seals in this proceeding is not the attorney that represented him on his trial in the court below on the charge of rape.

Petitioner insinuates in the petition presently before us that the Honorable Wallace L. Johnson was appointed by the trial court to defend petitioner on his trial in the court below. The record of the appeal in that case, which is before us and of which, of course, we take judicial knowledge (Johnson v. State, 242 Ala. 278, 5 So.2d 632), fails to disclose that such appointment was made by the Circuit Court of Mobile County. For aught that appears, Hon. Wallace L. Johnson was the personally chosen and employed attorney that represented Seals on his trial in the court below, and he was afforded ample time and opportunity to raise all questions in that court.

The state filed its motion to dismiss the original and amended petitions for leave to file a petition for writ of error coram nobis in the trial court.

Grounds of the petition numbered 11, 12, 13, 14, 15, 16 and 22 are based on the theory that the petitioner was a member of the colored race, and that members of such race had been intentionally and systematically excluded from both the grand jury and petit jury service solely on account of said race and color. It is not contended here that any matter involving the regularity of either the grand jury or petit jury was presented in the trial of this cause, either as originally conducted or on motion for a new trial. Clearly enough, it now comes too late. As was said in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, 686:

"* * * This was forcibly demonstrated in the opinion in Vernon v. State, supra [240 Ala. 577, 200 So. 560], that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure. That petitioner had the perfect right to present this question upon his trial is amply demonstrated by reference to our decisions beginning as far back as 1882 in Green v. State, 73 Ala. 26, and coming down to our latest authorities, Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So. 553; Vernon v. State, 239 Ala. 593, 196 So. 96; Vernon v. State, supra; Powell v. State, 224 Ala. 540, 141 So. 201; and the principle that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure is equally recognized by the decisions of the Federal courts. This very question concerning the jury venire was presented and so determined in In re Wood, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed 505, and Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422, and the more recent case of Carruthers v. Reed, 8 Cir., 102 F.2d 933 (petition for certiorari denied by the United States Supreme Court in Carruthers v. Reed, 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed 1523). See, also, the recent case of Adams v. United States, 317 U.S. 269, 63 S.Ct. 236. 87 L.Ed 268, where this question is fully discussed. As forcibly pointed out in Vernon v. State, 240 Ala. 577, 200 So. 560, 563, under a contrary doctrine 'no skilled lawyer would ever attempt to raise such question until after conviction.'

"We have been cited to no case, either State or Federal, holding to a contrary doctrine. Indeed, such a principle, once recognized, would utterly destroy the doctrine of res adjudicata so far as criminal cases are concerned, reduce the trial of a defendant charged with crime to a mere game of chance, and make a mockery of the courts. * * *"

See, also, Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed 83; Title 15, Section 278, Code of Alabama 1940.

■ In passing upon a petition for leave to petition the trial court for writ of error coram nobis, this Court is in the exercise of a wise discretion and must look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof and grant leave only when it appears the proposed attack on the judgment is meritorious. 24 C.J.S. Criminal Law § 1606; Ex parte Taylor, supra.

While it is not pertinent to a decision of the matter now before us, we here point out that it is shown by one of the affidavits attached to the petition in this case that two members of the Negro race were included in the panel from which the jury who tried petitioner was struck. That would not have been possible had the jury box not contained the names of Negroes, and it was the same jury box from which the grand jury was drawn which indicted the petitioner.

■ The writ of error coram nobis does not lie to enable an accused to question the merits of the case or to correct an error of fact which had been adjudicated, even though wrongfully determined, or to review errors concerning facts known to the court with reference to which the court acted at the time of the trial. Johnson v. Williams, supra. It is also well established that in an application for leave to file a petition for writ of error coram nobis, mere naked allegations that a constitutional right has been invaded will not suffice; the application should make a full disclosure of the specific facts relied upon, and not mere conclusions as to the nature and effect of such facts. Johnson v. Williams, supra;

Ex parte Fuller, 40 Ala.App. 197, 116 So.2d 395. The mere fact that the jury commission did not put the names of every qualified person on the roll or in the jury box does not, in the absence of fraud or a denial of constitutional rights, require quashing the indictment or venire. Fikes v. State, 263 Ala. 89, 81 So.2d 303.

Another ground relied on by petitioner is supported by an affidavit of one Lott who was also convicted for rape of the same woman, committed at the same time, and given a life sentence. As we understand the argument in support of this ground, Lott was forced to sign a statement which allegedly falsely and untruthfully implicated Willie Seals, Jr. The statement was published in the Mobile Press and the Mobile Register before Willie Seals, Jr., was tried.

Lott did not testify on the trial of Seals and the statement was never used in the trial of Seals. But Seals now claims he was prejudiced by the newspaper publicity given to Lott's statement. As we have before pointed out, Seals did not ask for a change of venue. This was his remedy if he thought at the time that he had been prejudiced by unfavorable newspaper publicity.

Other grounds of the petition do not, in our opinion, merit a detailed discussion. They merely seek to reopen questions which were fully considered and determined on the appeal to this Court. They are not really substantial grounds supporting this petition, but more in the nature of arguments as to why Seals should not have been convicted.

We are, of course, not unmindful of the severity of the punishment in this case, but we cannot say that a prima facie case for the filing of a petition for writ of error coram nobis has been made. We must, therefore, deny the petition.

Petition denied.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.