198 So.2d 286

**Dolores BLACK**

v.

**John C. WILSON et al.**

6 Div. 326.

Supreme Court of Alabama.

Feb. 23, 1967.

Rehearing Denied May 5, 1967.

Beddow, Embry & Beddow, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., Leslie Hall, Asst. Atty. Gen., and Earl C. Morgan, Dist. Atty., for appellees.

LAWSON, Justice.

This is a mandamus proceeding filed in the Circuit Court of Jefferson County on March 21, 1966, by Dolores Black, appellant here, against John C. Wilson, Jr., Walter E. Palmer and George W. Clayton, as Jury Commissioners of the Birmingham Division of the Tenth Judicial Circuit, Jefferson County.

Upon the filing of the petition for mandamus, it was ordered that alternative writ of mandamus issue to respondents. The alternative writ was duly issued. After the issuance of the alternative writ, the respondents interposed demurrer to the petition for mandamus.

The trial court, on March 21, 1966, sustained the demurrer of the respondents, dismissed the petition, and rendered judgment against petitioner for costs. Petitioner has appealed to this court.

The sufficiency of a petition for mandamus may be tested by appropriate demurrer. Lybrand v. Forman, 259 Ala. 354, 67 So.2d 4, and cases cited.

There was no necessity for a judgment of nonsuit. The judgment dismissing the petition is appealable. Jordan v. Clarke-Washington Electric Membership Corp., 262 Ala. 581, 80 So.2d 527. See State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433; Faircloth v. Folmar, 252 Ala. 223, 40 So.2d 697.

Dolores Black in her petition for mandamus alleged that at the time of the filing of the petition she was under indictment "in a capitol case" which was to be tried in the Circuit Court of Jefferson County; that the respondent jury commissioners had prepared a jury roll "to fill the jury box for the trial of causes by jury in the Circuit Court Jefferson County, Alabama pursuant to Title 30, Sec. 20, et seq., Code of Alabama, 1958, and in accordance with the provisions provided therein"; that the respondent jury commissioners thereby "arbitrarily excluded from jury service 113,171 prospective women jurors living in Jefferson County, Alabama who possess the requisite qualifications and who are not exempted by law from serving on juries * * *." It was further averred in the petition for mandamus that by virtue of the exclusion of women from the jury rolls of Jefferson County, petitioner "will be deprived of her right to be tried by a jury selected from a legally filled jury roll and jury box in violation of the Fifth, Sixth, Seventh Amendments and the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States in that she will not be tried by a jury of her peers."

The effect of the prayer in the petition for mandamus is that the court order the respondents, as jury commissioners, to empty the jury box and to make and certify a new roll which will include women.

Prior to the date of the judgment here under review, on February 7, 1966, a three-

judge federal district court held that the Alabama statute which totally excluded women from jury service was arbitrary and therefore "violates that provision of the Fourteenth Amendment to the Constitution of the United States that forbids any state to 'deny to any person within its jurisdiction the equal protection of the laws.'" White v. Crook, D.C., 251 F.Supp. 401, 408. After pointing out that "[t]he courts have not heretofore been called on to decide a case presenting the constitutional validity of a state's complete exclusion of women from service as jurors," the Court, in the White Case, supra, provided that its holding that Alabama's prohibition of jury service for women is unconstitutional "should be prospective in its application, and, for that reason, should have no retroactive effect." (251 F.Supp., 409) It was further said in the White Case, supra:

> "As to that part of this Court's order relating to jury service in Alabama for women, we believe there should be some reasonable delay in its going into effect. Even though it is clear—and we do here unequivocally declare—that women in Alabama have a constitutional right not to be arbitrarily excluded from jury service, it is the feeling of the members of this Court that the several practical problems, including a determination of whether service is to be compulsory or voluntary and the availability of physical facilities, require that the State of Alabama be given a reasonable time to comply with that part of this Court's decree. In this connection, since the next regular session of the Alabama Legislature is not scheduled until January, 1967, the defendants should be allowed until June 1, 1967, considered by this Court to be a reasonable period prior to the time the defendants should be required to include women as jurors."

The trial court was not duty bound to follow the holding of the three-judge federal court in the White Case, supra, to the effect that the statutes of this state excluding women from jury duty, then extant, were unconstitutional. But even if such had been the case, it would not have been incumbent upon the trial court to order the issuance of the peremptory writ of mandamus as prayed, inasmuch as the said federal court expressly provided that the part of its decision to the effect that Alabama's prohibition of jury service for women should have no retroactive effect and should not be applicable to the defendants in the White Case, supra, until June 1, 1967. The defendants in that case were the individual members of the jury commission of Lowndes County, one of the small counties in the State. The "practical problems" present in the White Case, supra which prompted the court to delay the effective date of its holding are, of course, much more compelling in the largest county in the State.

We hold, therefore, that the trial court did not err in refusing to order the respondents in this case to "meet and empty the jury box of the Birmingham Division of the Tenth Judicial Circuit of Alabama and further to make and certify a new jury roll and to deposit the names in the jury box of the Birmingham Division of the Tenth Judicial Circuit of Alabama all qualified citizens over the age of twenty-one years * * *." That is what the petitioner below sought. Such an order would have delayed all jury trials in the Birmingham Division of the Jefferson Circuit Court for many months, in view of the Herculean task with which the jury commissioners would have been confronted.

On September 12, 1966, prior to the submission here of the instant case, two acts of the 1966 Special Session of the Alabama Legislature became effective, which have the effect of requiring members of jury commissions and jury boards of this state to place the names of qualified women on the jury rolls. Acts 284 and 285, 1966 Special Session, Alabama Legislature.

A reversal of the judgment of the trial court would have the effect of bring-

ing about a court order commanding the respondents below to do that which the Legislature has said they should do. The presumption prevails that public officials charged with a duty will perform that duty. Leonard v. State, 38 Ala.App. 138, 79 So.2d 803, cert. denied 262 Ala. 702, 79 So.2d 808; Smith v. State, 223 Ala. 11, 136 So. 265.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.