220 So.2d 267

**Leon HAMILTON**

**v.**

**STATE of Alabama.**

**3 Div. 386.**

Supreme Court of Alabama.

March 6, 1969.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Montgomery County, Alabama, denying, after a hearing, appellant's petition for writ of error coram nobis.

The necessary facts, briefly stated, are as follows:

On February 19, 1932, the appellant, being ably represented by appointed counsel, pleaded not guilty to an indictment charging him with robbery, which indictment had been returned by a grand jury from Montgomery County, Alabama. On February 29, 1932, a petit jury, also of Montgomery County, after hearing all the evidence in the case, returned a verdict of guilty as charged in the indictment. Punishment was fixed at ninety-nine years in the state penitentiary (for what was, and

still is, a capital offense in this state). On March 2, 1932, judgment and sentence were passed by the court in accordance with the jury's verdict, and at that time the trial court noted that appellant was a Negro male, twenty-two years of age and in good physical condition. In January, 1968, appellant filed a petition for writ of error coram nobis in the Circuit Court of Montgomery County alleging that at the time of his trial members of his race were systematically excluded from jury service in Montgomery County. Thereafter, a hearing was had on appellant's petition and on March 12, 1968, the court entered a judgment denying the writ. From that adverse judgment, petitioner appeals.

We note that a peculiar aspect of this coram nobis proceeding is that the original trial of petitioner occurred some thirty-six years prior to the filing of this petition, and, although petitioner was represented by experienced, competent counsel at this trial, he did not assert that which he now asserts for the first time, thirty-six years and four paroles later. As a matter of fact, both the trial judge who tried petitioner and the attorney appointed to represent him are long-since dead, and probably the members of the jury as well. We note these facts merely to point out the difficulties with which the courts are presented when stale claims, such as this one, are made for the first time by applications for special writs and with complete abandon of due diligence.

The only ground upon which petitioner bases his application for writ of error coram nobis is the allegation that members of his race—petitioner being a Negro—had been systematically excluded from both grand and petit jury service at the time of his trial solely because of race or color. As we have previously noted, although petitioner was ably represented by competent counsel, no such question was presented upon his trial. It is the judgment

of this Court that it now clearly comes too late. Ex parte Seals v. State, 271 Ala. 622, 126 So.2d 474, cert. denied, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246; Ex parte Aaron, 275 Ala. 377, 155 So.2d 334. Mr. Chief Justice Gardner, in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, dealt with a similar problem to the one we have here, and there stated as follows:

"The only matter presented in this petition not considered on the appeal relates to the attack upon the jury venire. As we have previously observed, no such question was presented upon the trial. Clearly enough, it now comes too late. This was forcibly demonstrated in the opinion in Vernon v. State, supra [240 Ala. 577, 200 So. 560], that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure. That petitioner had the perfect right to present this question upon his trial is amply demonstrated by reference to our decisions beginning as far back as 1882 in Green v. State, 73 Ala. 26, and coming down to our latest authorities, Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So. 553; Vernon v. State, 239 Ala. 593, 196 So. 96; Vernon v. State, supra; Powell v. State, 224 Ala. 540, 141 So. 201; and the principle that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure is equally recognized by the decisions of the Federal courts. This very question concerning the jury venire was presented and so determined in In re Wood, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505, and Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422, and the more recent case of Carruthers v. Reed, 8 Cir., 102 F.2d 933 (petition for certiorari denied by the United States Supreme Court in Carruthers v. Reed, 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523). See, also, the recent case of Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, where this question is fully discussed. As forcibly pointed out in Vernon v. State, 240 Ala. 577, 200 So. 560, 563, under a contrary doctrine 'no skilled lawyer would ever attempt to raise such question until after conviction.'

"We have been cited to no case, either State or Federal, holding to a contrary doctrine. Indeed, such a principle, once recognized, would utterly destroy the doctrine of res adjudicata so far as criminal cases are concerned, reduce the trial of a defendant charged with crime to a mere game of chance, and make a mockery of the courts. * * *"

There being no further grounds for this Court to consider, the judgment of the lower court should be, and is, affirmed.

Affirmed.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.