299 So.2d 312

**Howard Scott SMILEY, alias**

v.

**STATE.**

**3 Div. 243.**

Court of Criminal Appeals of Alabama.

April 23, 1974.

Rehearing. Denied June 28, 1974.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

Whitesell, Gordon & Gallion, Montgomery, for appellant.

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and sentenced to thirty years imprisonment in the penitentiary. This appeal is from the conviction and judgment of the circuit court.

Arraignment in the circuit court was on May 15, 1973, at which time appellant entered his plea of not guilty and trial set for June 13, 1973. On the day of trial appellant filed a motion for a continuance and upon a hearing thereof on that date,

June 13, 1973, he introduced as Exhibit A, a copy of the judgment of the U. S. District Court for the Middle District of Alabama in the case of Penn et al. v. Eubanks et al., dated June 6, 1973, 360 F.Supp. 699, in which the judge of that court held that the jury roll and jury box of Montgomery County was illegally constituted and violative of the constitutional rights of the plaintiffs because of discrimination against and systematic exclusion from the jury rolls of prospective female jurors and prospective jurors of the Negro race.

This was all of the evidence introduced by the appellant on the motion for a continuance and after hearing argument of counsel, the motion was overruled and denied by the court.

The main argument for error advanced by the appellant on this appeal is the action of the court in overruling the motion above referred to.

■ We think the appellant failed to exercise the proper procedural methods for attacking an improper jury venire. In the case of Washington v. State, 269 Ala. 146, 112 So.2d 179, the court stated:

"It seems to be settled that a motion to quash is the proper way to challenge an indictment and a trial venire on the ground of intentional racial discrimination. Vernon v. State, 245 Ala. 633, 18 So.2d 388; Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So.2d 553." This principle is further upheld in Thomas v. State, 257 Ala. 124, 57 So.2d 625, and many other cases which could be cited in support of this proposition.

■ A failure to raise proper objection going to the venire of the petit jury before entering upon trial of the case on its merits, under the defendant's plea of not guilty, constitutes a waiver of his rights to do so unless he is mislead by a false oath and fraud of a venireman and thereby induced to accept such venireman. Ball v. State, 252 Ala. 686, 42 So.2d 626, cert. de-

nied 339 U.S. 929, 70 S.Ct. 625, 94 L.Ed. 1350; Vernon v. State of Alabama, 239 Ala. 593, 196 So. 96, cert. denied 311 U.S. 694, 61 S.Ct. 135, 85 L.Ed. 449, rehearing denied 311 U.S. 730, 61 S.Ct. 390, 85 L.Ed. 475, vacated 313 U.S. 540, 61 S.Ct. 833, 85 L.Ed. 1509, reversed 313 U.S. 547, 61 S.Ct. 1092, 85 L.Ed. 1513.

This is true even though the objection claimed by the defendant as a basis for the challenge is the unconstitutionality of the jury selection process. Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216.

Reverting to the order of the U. S. District Court for the Middle District of Alabama in Penn v. Eubanks, supra, which is a civil action, it appears that the jury commission of Montgomery County was allowed four months from the date of the order in which to empty the box, compile a new jury roll in accordance with the terms of the order, and refill the jury box for use in Montgomery County, Alabama. It, therefore, appears that the order was not retroactive but prospective and that the time allowed had not elapsed at the time of the filing of the motion for a continuance in the instant case. Black v. Wilson, 281 Ala. 6, 198 So.2d 286; White v. Crook, D. C., 251 F.Supp. 401.

■ It is well established that a motion for the continuance of a criminal case is addressed to the sound discretion of the trial court and the court's decision overruling such a motion will not be disturbed by an Appellate Court in the absence of abuse of discretion.

■ We are not convinced that there was any error in the order of the court denying and overruling the motion for a continuance, since we see no abuse of the court's sound discretion. Seibold v. State, 287 Ala. 549, 253 So.2d 302; Segers v. State, 283 Ala. 694, 220 So.2d 882; Divine v. State, 279 Ala. 291, 184 So.2d 628.

■ An examination of the record reveals that appellant raised the question of

variance between the charge in the indictment that the property (money alleged to have been taken from State witness Goodgame in the robbery) was the property of R. C. Goodgame while the proof showed that the witness Goodgame was merely in possession of the property as agent of the motel. There is no merit to this contention since property obtained in a robbery may be taken from the possession of an agent even though the ownership is in the agent's principal. Howell v. State, 26 Ala.App. 612, 164 So. 764; Riggens v. State, 44 Ala.App. 275, 207 So.2d 141.

■ The further motion of appellant based on Title 15, Section 307, Code 1958, Recompiled, related to the conviction of appellant based solely upon the corroborative testimony of an accomplice is not sustained by the evidence. There is ample evidence of appellant's connection with the robbery by events testified to by State witnesses of his action before and immediately after the robbery connecting him therewith.

■ At the request of appellant the court gave six written charges and refused ten. Refused charges 3, 4, 5, 6, 10, 11, 12, 13 and 15 were either covered by the oral charge of the court or one or more written charges and therefore, there was no error in their refusal.

Refused charge 9 is as follows:

"The court charges the jury that if, after considering all the evidence in the case, that tending to show guilt, together with that tending to show innocence, there would spring up involuntarily in the minds of the jury from any part of the evidence, a probability of the innocence of the defendant, the jury must acquit the defendant."

This charge has been held bad in several cases, including Byers v. State, 23 Ala.App. 70, 121 So. 8; Griffin v. State, 150 Ala. 49, 43 So. 197; Chastain v. State, 36 Ala.App. 186, 54 So.2d 623; Stafford v. State, 33 Ala.App. 163, 31 So.2d 146;

Walker v. State, 33 Ala.App. 614, 36 So.2d 117. The wording in the charges dealt with in the cases holding the charge bad differ somewhat from case to case but the substance of each charge is the same as charge 9.

On the other hand, the identical charge was held to be good in Wilson v. State, 243 Ala. 1, 8 So.2d 422; Suggs v. State, 36 Ala.App. 66, 54 So.2d 794; and Earnest v. State, 40 Ala.App. 344, 113 So.2d 517 which case seems to be the latest pronouncement on the matter.

However, in Parson v. State, 39 Ala.App. 142, 96 So.2d 206, the court in dealing with this charge quoted with approval from Walker v. State, 33 Ala.App. 614, 36 So.2d 117, 119 as follows:

The refusal of charge AC calls for special treatment. In the instant case both the State and the defendant presented a full disclosure of the facts incident to the main event. An irreconcilable conflict arose from this presentation. The factual issue centered solely around whether or not the accused acted in self defense. Neither the State nor the appellant was confronted with a "lack of evidence" to sustain the respective position. The charge deserves the criticism of being contradictory of its own terms. We cannot see how a consideration of all the evidence could effectively include any facts not proven. Omitted proof does not constitute a part of the evidence. It is true that the absence of sufficient satisfying evidence may afford grounds for a reasonable doubt of defendant's guilt. The burden of proof cast on the State in criminal cases gives potency and effect to this doctrine.

We are not unmindful of the fact that this court approved this identical charge in Stafford v. State, 33 Ala.App. 163, 31 So.2d 146. Whether correctly so or not we are not now called upon to decide. We are here confronted with factual issues that are not in any way comparable to those in the *Stafford* case.

In the case at bar we hold that it was not reversible error to refuse the instruction.

 A review of these cases will show that there was an apparent conflict in the evidence in most of the cases in which this charge was held good and the question of lack of evidence to support a reasonable doubt on the part of the jury of the guilt of defendant, was not evidently dealt with by the court in its oral charge. In the instant case the appellant offered no testimony except the cross-examination of a State witness, which did not materially conflict with the other evidence offered by the State. We think charge 9, while a correct statement of the law, was not applicable in this case under the factual situation above referred to. There was no error on the part of the court in refusing this charge.

We have carefully searched the record for error, and finding none of a substantial nature, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

CATES, P. J., and TYSON and HARRIS, JJ., concur.

## ON REHEARING

PER CURIAM.

The application for rehearing is overruled. See Carter v. State, 53 Ala.App. 43, 297 So.2d 175 this day decided.

Opinion extended; application overruled.

All the Judges concur.