306 So.2d 47

Carson **KELSOE**

v.

**STATE.**

**3 Div. 271.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

Jasper B. Roberts, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Sp. Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction of robbery with sentence fixed at 16 years imprisonment in the penitentiary.

Appellant filed a motion to quash the venire on the grounds that the said venire was selected in violation of the defendant's rights under the Constitution of the United States. He relied upon a ruling of the U. S. District Court for the Middle District of Alabama in the case of Penn v. Eubanks, 360 F.Supp. 699, decided in that court on June 6, 1973. His motion was overruled by the court.

This court in the recent case of Smiley v. State, 53 Ala.App. 268, 299 So.2d 312, treated this precise question. In the course of the opinion in *Smiley,* supra, the court said:

"Reverting to the order of the U. S. District Court for the Middle District of Alabama in Penn v. Eubanks, supra, which is a civil action, it appears that the jury commission of Montgomery County was allowed four months from the date of the order in which to empty the box, compile a new jury roll in accordance with the terms of the order, and refill the jury box for use in Montgomery County, Alabama. It, therefore, appears that the order was not retroactive but prospective and that the time allowed had not elapsed at the time of the filing of the motion for a continuance in the instant case. Black v. Wilson, 281 Ala. 6, 198 So.2d 286; White v. Crook, D. C., 251 F.Supp. 401." See also Carter v. State, 53 Ala.App. 43, 297 So.2d 175.

There was therefore no error in the court's action in overruling the motion to quash the venire.

Briefly stated, the evidence for the State tends to show that on June 6, 1973, a store operated by Maxine and Lavirt Henderson, near Montgomery, was robbed by a man of the sum of $87. The robber presented a pistol and forced Lavirt Henderson to give him the proceeds from the cash register. Henderson noticed that he was wearing a wig and headband, sunglasses, two shirts and a pair of boots, all of which articles were later before the jury as evidence at the trial. Several other people were in the store at the time. Immediately after the robbery the suspect was seen leaving the area in a light green Chevrolet automobile which was also occupied by two other men. Henderson and his son gave chase and followed the automobile for some distance out of Montgomery. During the chase the suspect pointed the pistol at the truck and forced Henderson to drop back to a safe distance. The chase continued until a police car, which had been alerted to the action, came on the scene and followed the Chevrolet until it was abandoned at the end of Narrow Lane Road. Soon afterward Mike Hall and Paul Schofield were arrested. Hall later testified for the State to a conspiracy between Schofield, appellant, and himself to rob the store, identifying himself as the one who actually went in and robbed the store while wearing the clothes heretofore described, which articles were procured for him by the appellant. Lawrence Eggers testified that one of the shirts (red), which the robber was wearing, belonged to him, and that appellant had borrowed a pistol from him of the same appearance as the one used in the robbery; and all three of the conspirators or co-defendants were present when Kelsoe got the red shirt, heretofore identified, out of Eggers' car shortly before the robbery. It further appears that at a time, approximately an hour before the robbery, the three co-defendants were together in a service station where appellant was recognized, and about twenty minutes before the actual robbery took place, the appellant had gone into the store and changed some money. .

Later in the day, which had been rainy and wet, the appellant was arrested near the home of his sister, and his clothes were torn, snagged, and wet. The boots he was wearing at the time of arrest were also brought into court for comparison with the tracks found around the Broadway home where his sister lived, and leading toward the pasture at the rear of the home where the wig and other articles of clothing were found. Details of this evidence will appear later in the opinion as bearing on certain issues to be decided in the case.

The appellant did not testify, but did offer some evidence, which is not necessary to delineate in order to decide the question involved in the case.

When the State rested its case, the appellant made a motion to exclude the evidence on the grounds that the State had not carried the burden of proof beyond all reasonable doubt, and further that the conviction was procured on the uncorroborated testimony of two accomplices. The crux of the argument in appellant's brief is devoted to the last stated ground in the motion.

■ A conviction of a felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or circumstances thereof, is not sufficient. Title 15, Section 307, Code of Alabama 1940, Recompiled 1958.

■ "Whether there is sufficient corroborative evidence to go to the jury is a question for the court to decide; whether the evidence is sufficiently corroborated to warrant a conviction is a question for the jury." White v. State, 48 Ala.App. 111, 262 So.2d 313.

■ Dealing with the question of the weight and sufficiency of corroborative evidence necessary for a conviction, this

court said in the case of Wyatt v. State, 51 Ala.App. 226, 283 So.2d 675:

"Under the statute requiring corroboration of testimony of accomplices to authorize a conviction of a felony (Title 15, Section 307, Code of Alabama 1940), the corroborative evidence need not be strong, nor sufficient of itself to support the conviction, the criterion being that it legitimately tends to connect the accused with the offense."

The evidence shows among other matters that the appellant was seen by Oscar Wright in his service station and bought some gasoline between 12:00 and 1:00 o'clock in the daytime on the day of the robbery and that there were two other persons in the car; that appellant had borrowed from witness Lawrence Eggers a shirt and pistol, both of which were identified as being used by the robber at the scene of the robbery (although there was some slight discrepancy as to whether the pistol was a six or nine shot gun); that appellant appeared in the store about twenty minutes before the robbery, and had some money changed; that when the automobile left when the robbery was over, the robber got into a car with two other people, and was followed by State Witnesses Lavirt Henderson and son for several miles until the police took over the chase; that later in the day the police, who in the meantime had apprehended the accomplices, Mike Hall and Paul Schofield went to the Broadway residence and found boot tracks in the wet ground leading from the driveway to the back of the Broadway house, and then to a pasture behind the house where the tracks faded away and were no longer visible in the grass; that the photographs of the track prints were made at the time by the police, and were introduced into evidence; that on the same day of the robbery, sometime in the afternoon, the appellant was arrested near the Broadway home and was wearing boots which were wet, along with his other clothes, and that his arms were scratched and his clothes were snagged; the boots were identified in court, and although not formally introduced into evidence, they were before the court and the jury for comparison with the footprints and treated in the lower court as other articles of evidence. Where this is true an "article not introduced as evidence, but which was marked for identification, displayed to the jury and commented upon by witnesses was before the jury and was considered as evidence." Simpson v. State, 51 Ala.App. 279, 284 So.2d 734.

The next morning police found in the pasture some 200 yards from the Broadway home, where appellant's sister lived, several articles, including a wig, a red shirt, sunglasses, and boots, which were identified as being worn by the robber, although the pistol was never found. Both accomplices were arrested.

Under the authorities referred to, we think the evidence delineated above tended to corroborate the evidence of the accomplices Hall and Schofield, and further tended to connect the accused with the offense so as to require the submission of the case to the jury for its consideration. We are further of the opinion the State made a prima facie case for the consideration of the jury.

Therefore, we find no error in the court's action in overruling the motion to exclude the testimony of the State.

Several charges requested in writing by appellant were refused by the court. Examination of these charges show that they were either bad, or covered by the oral or given charges. No error appears in the action of the court in this respect.

We have examined the entire record, as is our duty under the statute, and find no error affecting the substantial rights of appellant. The case is due to be, and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of the Act No. 288,

Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.