LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of burglary in the second degree and sentenced to imprisonment in the penitentiary for ten years.
The only eyewitness to the alleged burglary was a fifteen-year-old boy, whose first name is Tim, a cousin of defendant’s wife, who was living with defendant, a twenty-six-year-old man, and his wife at the time of the alleged crime.
Tim testified that about 1:30 on the afternoon of January 21,1975, he and defendant went in defendant’s truck, driven by defendant, to the mobile home of Mr. George Seckford, stopped the truck and talked to a lady who lived in a house close to Mr. Seckford’s mobile home and who was identified by other witnesses as the mother of Mr. Seckford. After talking with Mr. Seekford’s mother they drove down the road in the truck, sat there for a while, and went back to the mobile home of Mr. Seek-ford; defendant “opened the window and cut the screen and went inside the trailer”; Tim “moved some clothes and opened the back door”; defendant then entered the trailer and started “picking up stuff.” They carried out a tape player and a box of tapes, a radio and some beer; defendant took a safe out of the trailer; they put the “stuff” in the truck, went on down the road to a creek and opened the safe with a hammer and a screwdriver. Therefrom they obtained some money and observed some papers in the safe and left the safe and papers there. Before the weekend after the burglary, defendant repainted the truck. On cross-examination of Tim, it was shown that he had confessed and had been placed on probation.
The principal contention of appellant is that defendant was convicted on the uncorroborated testimony of an accomplice, in violation of Code of Alabama, Title 15, Section 307, as follows:
“A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
No question is presented, and no question can reasonably be presented, as to the sufficiency of the corroborative evidence of the corpus delicti or of the circumstances of the burglary, and we limit our consideration to whether Tim’s testimony is “corroborated by other evidence tending to connect the defendant with the commission of the offense.”
The circumstantial evidence testified to by other witnesses showed that two persons, and only two persons, committed the burglary. Two sets of human tracks, made by different types of shoe soles, and two sets only, were found leading from the mobile home. One set was identified by a witness other than Tim as the tracks of his shoes. Defendant was identified by the wife of Mr. Seckford as the man who had come to the mobile home of the Seckfords about three months before the burglary and had obtained a payroll check from her for work he had done for another, for whom Mrs. Seckford was a bookkeeper. Mr. Seck-ford’s mother testified that on January 21, 1975, about 1:30 P.M., defendant and Tim came to her house in a truck, which was identified by her and by other witnesses as a truck owned and driven by defendant, that defendant inquired of her where a Mr. Johnson lived. She said she told him “There is no Johnson living around here” and that “they then went back to the truck and drove out of the yard.” About two hours afterwards, Mr. Seckford’s daughter returned to the mobile home from school. It was then discovered that the home had been burglarized.
Additional evidence need not be narrated, for the foregoing is sufficient to show that Tim’s positive testimony as to defendant’s connection with the burglary was corroborated by other evidence.
*392 Evidence corroborating the testimony of an accomplice need not be strong, nor sufficient in and of itself to support a conviction. Its sufficiency is tested by whether it legitimately tends to connect the accused with the offense. Miller v. State, 290 Ala. 248, 275 So.2d 675; Peoples v. State, 56 Ala.App. 290, 321 So.2d 257; Cummingham v. State, 54 Ala.App. 656, 312 So.2d 62; Simmons v. State, 54 Ala.App. 291, 307 So.2d 96; Kelsoe v. State, 54 Ala.App. 179, 306 So.2d 47, cert. denied 293 Ala. 764, 306 So.2d 50.
In an apparent effort to impeach Tim by attempting to show a self-contradictory statement by him, he was asked on cross-examination whether he had said to an investigator for the State: “that you went to your girl friend’s house twice on the day of the crime,” to which question, Tim answered:
“No, sir, I haven’t, not that I have been there twice, no.”
On interrogation of the particular investigator for the State, he was asked by defendant’s counsel whether Tim told him, “that he went to his girl friend’s home prior to the burglary and was delivered there by Mr. Currington and picked up by Mr. Cur-rington, all prior to the burglary of the Seckford home.
Appellant urges that the objection to the question to the State’s investigator, on the ground that a predicate therefor had not been laid, was erroneously sustained. It is to be seen that the question asked Tim (the witness sought to be impeached) is different from the question asked the witness by whom defendant was seeking to impeach Tim. It is not a mere verbal difference; there is a difference in substance, a material difference in meaning. The objection was properly sustained. Bridges v. State, 225 Ala. 81, 142 So. 56; Murph v. State, 153 Ala. 67, 45 So. 208.
The attorney representing defendant on the trial of this case was appointed by reason of defendant’s indigency. About one month thereafter and about five months before trial, the attorney filed a motion to allow him to withdraw as attorney for the defendant and that the court appoint another attorney to represent him. The motion was grounded on the averment that the chief investigator for the sheriff’s department of Cullman County, who prepared the case for the State, had thereafter become a full-time employee of the law firm of which defendant’s appointed attorney was a member. It seems that this motion was never ruled upon, and the record does not show that it was ever brought to the attention of the court. Two continuances intervened between the filing of the motion and the trial. The same attorney was appointed to represent defendant on appeal, and he has done so. Appellant’s counsel takes the position in his brief that he should have been allowed to withdraw as attorney for defendant and that other counsel should have been appointed to represent him. He states:
“Appellant’s counsel was placed in a position that the appearance of impropriety could be conveyed to the public.”
He expresses the axiom that an attorney “should avoid even the appearance of professional impropriety.” We think it unfortunate and regrettable that there was no ruling on the motion of defendant’s attorney to be allowed to withdraw. It is also unfortunate and regrettable that there is no explanation for the failure to rule on the motion. That he should have been allowed to withdraw, we have no doubt whatever, unless a situation had developed that prevented a withdrawal without prejudice to defendant. Notwithstanding the puzzling circumstance now considered, we have nothing before us upon which we can hold that any error prejudicial to defendant occurred.
Our review of the record convinces us that it is free of error prejudicial to defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby *393 The judg-adopted as that of the Court, ment below is hereby
AFFIRMED.
All the Judges concur.