MONTIEL, Judge,
dissenting.
I would affirm the judgment of the trial court on this issue; therefore, I respectfully dissent from the majority opinion.
In Meadows v. City of Birmingham, 582 So.2d 603 (Ala.Crim.App.1991), this court held that there must be some affirmative showing in the record that the court has taken judicial notice of the municipal ordinances of the City of Birmingham and cites for this proposition Fuller v. State, 472 So.2d 452 (Ala.Crim.App.1985), which states that a review by this court is limited solely to matters that appear in the record. However, “[i]t is presumed that a public official charged with a duty will perform that duty. Black v. Wilson, 281 Ala. 6, 198 So.2d 286 (1967). Furthermore, it is presumed that a trial judge will follow his own instructions. Ex parte Thomas, 460 So.2d 216 (Ala.1984), citing Harris v. Rivera, 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981).” Ex parte Harrell, 470 So.2d 1309 (Ala.1985). See also D.D.P. v. State, 595 So.2d 528, 533 (Ala.Crim. App.1991). Because the applicable statute in this case provides that the courts of this state shall take judicial notice of the municipal ordinances of Class 1 municipalities, it would have to be presumed that the trial court did so on this occasion, and that, therefore, no error occurred in this ease.
I also wish to note that I dissented in Ikner v. State, 600 So.2d 435, 439 (Ala.Crim. App.1992) (Montiel, J., dissenting), the ease the majority cites for the proposition that “[t]o blithely assume that judicial notice was taken under these circumstances would run afoul of ... appellant’s due process rights.”