36 So.2d 106
**DICKEY v. WEST BOYLSTON MFG. CO.**
3 Div. 505.

Supreme Court of Alabama.

June 10, 1940.

Rehearing Denied June 30, 1948.

Thos. S. Adair and W. Ervin James, both of Montgomery, for appellant.

20

Hill, Hill, Stovall & Carter, of Montgomery, for appellee.

BROWN, Justice.

This is an eviction proceeding commenced by the appellee by affidavit made before the Judge of the Court of Common Pleas of Montgomery County having like jurisdiction as justices of the peace, as authorized by § 35, Title 31, Code of 1940, to evict the tenant, the appellant Marvin Dickey, from a three room house No. 502 Boylston, Alabama, alleging that the tenant has held and now holds said premises beyond the term for which the same was rented and his right of possession has terminated.

The tenant made counter affidavit as provided by § 37, Title 31, Code of 1940, and pleaded the Housing and Rent Act of 1947 enacted by the Congress of the United States. 50 U.S.C.A.Appendix, § 1899.

The trial in the court of common pleas resulted in a judgment for the defendant from which the plaintiff appealed to the circuit court. On the trial in that court the defendant interposed the same defense, alleging tender of the rent and plaintiff's refusal to accept same. The case was submitted to the circuit court, sitting without a jury, on a stipulation of facts and the contention was there made by the appellee that under the provisions of § 1(b) (2) of "Controlled Housing Rent Regulation" (Part 825—Rent Regulations under the Housing and Rent Act of 1947), said act did not apply to the case in hand, the pertinent provisions being:

"(2) Service employees. Dwelling space occupied by domestic servants, caretakers, managers, or other employees to whom the space is provided as part or all of their compensation and who are employed for the purpose of rendering services in connection with the premises of which the dwelling space is a part." and that the defendant was not in the class protected by the regulation.

In the judgment of the court a special finding of fact was made, the pertinent parts of which we quote:

"It appears that the West Boylston Manufacturing Company of Alabama, hereinafter called the 'Company', is an Alabama corporation having its principal place of business in Montgomery, Alabama, and is engaged in operating a textile plant, and is not engaged in the maintenance or operation of a housing project or in the business of providing housing accommodations for the public generally.

"The company owns, maintains and provides a number of dwelling houses for occupancy by those who work in its plant. These houses are located on a tract of land owned in fee simple by the plaintiff and are adjacent to the plant of the company, which is located on the same tract of land.

"It appears from the agreed statement of facts that the defendant, Marvin M. Dickey, on September 18, 1945, executed what is called an Employment and Rent Agreement, now in evidence as plaintiff's 'Exhibit A'. The dwelling house described

in this agreement, the possession of which is the subject of this litigation, is one of the houses located upon the Company property, and same was leased to the defendant by virtue of, and solely on account of, the fact that he was an employee of this Company.

"A pertinent provision of this employment and rent agreement is the following:

" 'This lease agreement is entered into because of the employment by Lessor of Lessee, and for this reason the weekly rental is fixed at a sum considerably less than its real value, and it is expressly agreed by Lessor and Lessee that the reasonable rental value of said premises is $2.50 per week per room. If the undersigned fail to give possession as herein provided, * * * he * * * agree to pay (in addition to all penalties allowed by law) to the Company as liquidated damages a sum equal to $2.50 per week per room during the time the Company is kept out of possession, and demand therefor is waived.'

"Another provision of the agreement is that in case of resignation or dismissal of the defendant from the company's employment, or if the company for any reason desires possession of the property, the defendant will vacate the premises upon five days written notice either left on the premises or given to the employee.

"It appears that on July 25, 1947, no further work being available for the defendant, he was laid off. His employment with the company terminated on October 21, 1947, and defendant was so advised.

"It also appears that an appropriate and legally sufficient notice of termination of defendant's tenancy and demand for possession was served by the company on the defendant. No question is raised either as to the sufficiency of the notice or of the demand.

"The defendant declining to surrender possession of the premises and withholding the same, proceedings for recovery of possession of the premises were instituted against him. The defendant has tendered to the company the weekly rent for the premises, and this tender the company has declined.

"Plaintiff contends that it is entitled to possession of the premises:

"(1) Because dwelling accommodations of the type, and character of those involved in this proceeding are expressly excluded from the operation or coverage of the rent control act and regulations, by virtue of Section 1(b) (2) of 'rent regulations promulgated under the Housing and Rent Act of 1947' (Plaintiff's Exhibit 'B'); and

"(2) Because the defendant is violating the obligation of his tenancy in that he is no longer an employee of the plaintiff, and one of the obligations of his tenancy was that he should remain an employee of the plaintiff, and the premises were available to him only so long as he remains an employee of the plaintiff; and, having thus violated this obligation of his tenancy, he is not prevented by Section 209(a) of the Act from instituting and proceeding with the prosecution of this eviction suit. * * *."

■■ On the appeal of the Dixie Pine Product Co., Inc., v. Bowles, 159 F.2d 507, 508, from a judgment of the District Court of the United States from the Southern District of Mississippi, the Court of Appeals of the Fifth Circuit passed upon these identical questions and ruled in an opinion contrary to the appellee's contention, holding in effect that appellant was not within the class of persons denominated "domestic servants, care takers, managers, or other employees *to whom space is provided as a part or all of their compensation* and who are employed for the purpose of rendering service in connection with the premises of which the dwelling space is a part." This decision of the appellate federal court, construing a federal statute, in the absence of a contrary holding by the Supreme Court of the United States, is binding on this court. Breeding v. Tennessee Valley Authority, 243 Ala. 240, 9 So.2d 6. [Italics supplied.]

It results, therefore, that the judgment of the circuit court is laid in error and is reversed and a judgment here rendered in favor of the defendant.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

The appellee insists that it was not precluded from maintaining the eviction action (1) because the dwelling accommodations of the type and character involved in the controversy are expressly excluded from the operation of the coverage of the rent control act and regulation by virtue of § 1(b) (2) of the rent regulations promulgated under the Housing and Rent Act of 1947, because the defendant was within the class of "service employees" such as "domestic servants, caretakers, managers or other employees to whom space is provided as a part or all of their compensation and who are employed for the purpose of rendering service in connection with the premises of which the dwelling space is a part." This question was disposed of contrary to appellee's contentions by the decision in Dixie Pine Product Co., Inc., v. Bowles, 5 Cir., 159 F.2d 507.

And (2) that "rent as used in the act is not restricted to the actual pecuniary return, but also includes any other consideration in the form of service or otherwise" and inasmuch as the defendant no longer is a worker in the plaintiff's plant, he has violated his lease-contract in not surrendering possession on notice, though he has tendered the amount of the agreed rent or liquidated damages provided in the lease. The answer to this contention is that the defendant's employment with the plaintiff company was terminated by the plaintiff without fault of defendant because plaintiff had no further work for defendant to do. To deny application of § 209(a) of the housing and rent act to this situation would in effect emasculate the statute and render it wholly insensable and useless. Neither the initial affidavit in the eviction proceedings, the notice, nor the agreed facts bring this case within subsection (1, 2, 3 or 4) of the statute. U.S. Code Congressional Service 1947, p. 207, § 209(a), U.S.C.A., T. 50, Appendix, § 1899.

Application for rehearing overruled.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.