251 So.2d 749

## OPINION OF THE JUSTICES.
### No. 204.

Supreme Court of Alabama.
June 29, 1971.

The House of Representatives propounded three questions to the Justices of the Supreme Court concerning the constitutionality of House Bill 272 which proposed to establish a pension fund for Alabama firefighters. A tax on premiums on certain types of insurance was imposed to supply the fund. The first question was directed to the adequacy of the hearings and judicial review concerning revocation of insurance company's license. Specifically whether or not the hearings

and judicial review were in compliance with the due process clause of the Fourteenth Amendment to the Federal Constitution. Questions two and three sought answers as to the constitutionality of the Act but referred to no specific Section or provision of the Constitution. The Justices were of the opinion as to the first question that the provisions in the Bill for hearings and judicial review were adequate under the Fourteenth Amendment to the Federal Constitution but declined to answer questions two and three because they were too broad and indefinite and referred to no specific Sections or provisions of the Constitution.

Question one, answered; questions two and three, not answered.

To the Members of the House of Representatives

State Capitol

Montgomery, Alabama

Sirs and Madam:

We are in receipt of House Resolution No. 37 which asks an advisory opinion on House Bill 272. That bill proposes to "establish a pension fund for Alabama fire fighters to be known as the Alabama Fire Fighters Pension Fund."

A similar bill was passed by the Legislature in 1967, and became Act 345, but in the case of Glasgow v. Aetna Insurance Company, 284 Ala. 177, 223 So.2d 581, this court declared Act 345 to be unconstitutional because it failed to provide procedural due process in compliance with the Fourteenth Amendment to the Constitution of the United States. House Bill 272 attempts to remedy this court's objections to Act 345.

The first question asked in H.R. No. 37 reads:

"1. Does House Bill 272 provide adequate hearings and judicial review of the matters at issue concerning the revocation of an insurance company's license by the Superintendent of Insurance in compliance with the due process clause of the Fourteenth Amendment of the Federal Constitution?"

The applicable provision of House Bill 272, part of Section 9, reads:

"In the event that any such person, firm, company, corporation, association or aggregation of underwriters shall claim said tax, or tax formula as provided herein, is excessive or invalid, in whole or in part, he may pay such tax under protest, and the secretary-treasurer of the Alabama Fire Fighters Pension Fund shall hold such sum of money in an identified suspense account until it is judicially determined whether the taxes were legally levied and collected, or the taxpayer abandons the recovery of the money by failure to bring suit within the period of sixty days after the payment thereof. If it is determined by the court on suit brought by the taxpayer that any portion of the amount paid under protest was excessive or illegally assessed and collected, said amount shall be refunded in the amount set by the court as excessive or invalid. However, should any person, firm, company, corporation, association, or aggregation of underwriters knowingly or willfully fail to pay within the time above prescribed the premium tax above levied, the secretary-treasurer of the Alabama Fire Fighters Pension Fund shall report such delinquent taxpayer to the superintendent of insurance. Within ten (10) days of receipt of notice from the secretary-treasurer of the fund, the superintendent of insurance shall give certified notice to the insurance company notifying it of its failure to comply with said Act and possible penalty for such failure. The insurance company may reply in writing regarding its failure to comply with said Act within fifteen (15) days from receipt hereof or within the same period of time it may request a hearing before the superintendent of insurance to answer charges. In the lat-

ter event, a hearing date will be set by the superintendent, nor more than fifteen (15) days from the date of the company's request. After consideration of the written reply or after a hearing, the superintendent of insurance shall decide whether there has been a knowing and willful failure to pay the tax. If he determines there has been such a knowing and willful failure, its license may be revoked. Appeal from the superintendent's ruling may be taken within thirty days to the Circuit Court of Montgomery County, Alabama, where the case shall be a nonjury trial de novo."

■ This section provides the two basic elements of due process, notice and the opportunity to be heard before a competent tribunal vested with jurisdiction of the subject matter of the cause. Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; Alabama Alcoholic Beverage Control Board v. State, 247 Ala. 469, 25 So.2d 30; Frahn v. Greyling Realization Corp., 239 Ala. 580, 195 So. 758; Anderson National Bank v. Luckett, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692. Moreover, a judicial review of the administrative findings is provided. We answer question one in the affirmative.

■ Having answered, we realize that expressions of individual opinion by us as to the application to a given situation to the Constitution of the United States may sometimes be of small value to our Legislature in determining their problems in that connection, since the United States Supreme Court has the final decision in that respect. Opinion of the Justices, 252 Ala. 351, 40 So.2d 849, In re Opinions of the Justices, 226 Ala. 565, 148 So. 107.

■ The remaining questions in H.R. No. 37 are as follows:

"2. In House Bill 272, has the Legislature of the State of Alabama constitutionally delegated powers for the more efficient administration of said law to the Superintendent of Insurance of the State of Alabama, or does House Bill 272 unconstitutionally delegate this administrative power to an agency other than the Legislature's own appointed agency?

"3. May the Legislature of Alabama, by the adoption of this general law, constitutionally provide for the establishment of a pension fund or retirement system or systems for the benefit of persons regularly employed as, or enrolled as volunteer fire fighters by any municipality, political subdivision or governmental agency of the State of Alabama?"

The inquiries in these two questions are too broad and indefinite. The questions refer to no specific section or provision of the Constitution that might be violated. Heretofore, the Justices have declined to answer questions as to whether a specific bill violated *any* provision of the Constitution. In re Opinion of the Justices, 216 Ala. 469, 113 So. 584; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Opinion of the Justices, 252 Ala. 527, 41 So.2d 775. The queries, "has the Legislature * * * *constitutionally* delegated," and "may the Legislature * * * *constitutionally* provide," are just as general as those considered in the opinions cited supra, and we apply the same rule as to them.

Respectfully submitted,

HOWELL T. HEFLIN
  Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH

HUGH MADDOX

DANIEL T. McCALL, Jr.
  Justices.