603 So.2d 903 (1992)
Ex parte Danny GURGANUS and Sandra Gurganus.
(In re Danny GURGANUS, et al.
v.
CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, et al.)
1910452.
Supreme Court of Alabama.
June 19, 1992.
Rehearing Denied August 7, 1992.
Kenneth Lee Cleveland of Cleveland & Cleveland, P.C., Birmingham, for petitioners.
Michael D. McKibben of Bradley, Arant, Rose & White, Birmingham, for respondents.
HOUSTON, Justice.
The sole issue presented in this case is whether a writ of mandamus should issue directing the Honorable William J. Wynn, judge of the Jefferson County Circuit Court, to vacate his order striking Danny and Sandra Gurganus's demand for a trial by jury on their claim against Continental American Life Insurance Company ("Continental") for medical benefits, pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).[1]
*904 It is well settled that a writ of mandamus is proper to compel the granting of a trial by jury, when that right exists, Ex parte Rush, 419 So.2d 1388 (Ala.1982); therefore, resolution of this case depends on whether the Gurganuses are entitled to have a jury hear their claim against Continentala claim that, as previously noted, is based on the denial of medical benefits allegedly due under an ERISA-regulated plan.
Section 1132(a)(1)(B) provides the sole mechanism by which rights arising under ERISA are enforced in state courts. § 1132(e). That section provides, in pertinent part, that "[a] civil action may be brought ... by a participant or beneficiary... to recover benefits due to him under the terms of his plan." ERISA is silent as to whether a plan participant or beneficiary has a right to a jury trial under this section. See Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA, 96 Harv.L.Rev. 737 (January 1983). The Gurganuses contend, however, that, although there is no statutory grant of a right to trial by jury in actions under § 1132(a)(1)(B), they are entitled under the Seventh Amendment to the United States Constitution to have their claim tried to a jury. Relying on Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and its progeny, the Gurganuses argue that their claim is analogous to a common law claim for breach of contract and that a breach of contract claim, being legal in nature, has historically carried with it the right to a trial by jury. Continental takes the position that the Gurganuses' claim is analogous to an equitable claim by the beneficiary of a trust against the trustee for breach of a fiduciary duty. Continental argues that, historically, an action against a trustee to compel performance under the terms of the trust agreement has been tried to the court, not to a jury.
We have not been cited to, and our independent research has failed to discover, a controlling decision of the United States Supreme Court. We note that the Gurganuses' reliance on Haywood v. Russell Corp., 584 So.2d 1291 (Ala.1991), is misplaced. In Haywood, this Court phrased the issue as follows:
"The sole issue presented for our review is whether Haywood's fraud claim, which is based on allegations that Russell interfered with Haywood's right to receive benefits under the company's group disability insurance claim, was preempted by ERISA."
Finding the facts in Haywood virtually indistinguishable from those in Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), this Court concluded that Haywood's fraud claim, which was based on allegations that she was entitled under state law to recover compensatory and punitive damages, was preempted by ERISA. However, based on the holding in Ingersoll-Rand, where a unanimous Court held that McLendon's damages claim was cognizable under § 1132(a) upon removal to a federal district court, we reversed the summary judgment for the Russell Corporation and remanded the case to "permit [Haywood] to attempt to state a claim under § 510, ERISA." Stating that the Ingersoll-Rand Court had "[recognized] the possibility of recovery of tort-like damages in ERISA cases," this Court speculated that "this leads inexorably to the right of trial by jury in these ERISA cases." As previously stated, however, it must be kept in mind that state court jurisdiction in ERISA cases is limited to enforcement actions brought under § 1132(a)(1)(B). Neither Haywood nor Ingersoll-Rand addressed the precise issue that is before us in the present casewhether there is a Seventh Amendment right to a jury trial under § 1132(a)(1)(B), the statutory basis for the Gurganuses' claim for benefits under ERISA. Recently, however, the Eleventh Circuit Court of Appeals considered this issue and held that there is no Seventh Amendment right to a jury trial under § 1132(a)(1)(B). In Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525, 1526-27 (11th Cir.1990), the court stated:
"As to the claim to a jury trial under the Seventh Amendment, appellants concede that this Circuit has held that plaintiffs *905 are not entitled to a jury trial under ERISA when the issue is whether it was arbitrary or capricious for benefits to be denied. Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620 (11th Cir.1987) (rejecting claim that a suit for benefits under 29 U.S.C.A. § 1132(a)(1) should be tried to a jury); Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir.1987) (stating that the former Fifth Circuit squarely held that plaintiffs in actions under 29 U.S.C.A. § 1132(a)(1)(B) are not entitled to trial by jury); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir.1980), (following Wardle v. Central States, Southeast & Southwest Areas Pension Fund, 627 F.2d 820 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)).
"Circuit courts dealing with the jury trial issue in ERISA-regulated plans have generally followed Wardle's reasoning. Cox v. Keystone Carbon Co., 894 F.2d 647 (3rd Cir.1990) (plaintiff's claim to Seventh Amendment jury trial dealt fatal blow by earlier decisions that section 502(a)(1)(B) claims are equitable in nature), petition for cert. filed, (U.S. Apr. 20, 1990) (No. 89-1721) [cert. denied, ___ U.S. ___, 111 S.Ct. 47, 112 L.Ed.2d 23]; Daniel v. Eaton Corp., 839 F.2d 263, 268 (6th Cir.) (no right to a jury trial under § 502) (citing Crews v. Central States, 788 F.2d 332, 338 (6th Cir.1986)), cert. denied, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); Berry v. Ciba-Geigy, 761 F.2d 1003, 1006-07 (4th Cir. 1985) (no right to jury trial in termination of pension benefits); Katsaros v. Cody, 744 F.2d 270 (2d Cir.), cert. denied, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); In re Vorpahl, 695 F.2d 318 (8th Cir. 1982) (no jury trial required in cases under section 502). But cf. Stamps v. Michigan Teamsters Joint Council No. 43, 431 F.Supp. 745 (E.D.Mich.1977) (claims under § 1132(a)(1)(B) legal rather than equitable); Gangitano v. NN Investors Life Insurance Co., 733 F.Supp. 342 (S.D.Fla.1990) (constitutional right to jury trial exists in § 1132(a)(1)(B) action).
"The Blakes argue, however, that the change in the standard of review from arbitrary and capricious to de novo, made by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), converts the claim from an equitable claim to a breach of contract action, which entitles them to a jury trial under the Seventh Amendment.
"In our judgment, however, this argument cannot prevail. The nature of an action under section 502(a)(1)(B) is for the enforcement of the ERISA plan. Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan. Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimant were still under treatment, only an order for continuing benefits would be sufficient. This is traditionally equitable relief so that the cases relied upon by the appellants are not applicable. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (the Seventh Amendment requires a jury trial where a statute creates legal rights and remedies enforceable in an action for damages in a court of law); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (if a statutory right is not closely intertwined with a federal regulatory program, and the right is legal in nature, then it carries the Seventh Amendment's guaranty of a jury trial).
"Thus we are constrained to follow the overwhelming precedent which has clearly determined that claims on medical insurance plans issued pursuant to ERISA are equitable in nature, and the de novo standard of review does not control the application of the Seventh Amendment. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (the right to a jury trial is determined by `the nature of the issues involved and the remedy sought')."
See, also, Bair v. General Motors Corp., 895 F.2d 1094 (6th Cir.1990) (no right to a jury trial under § 1132(a)(1)(B), reaffirming *906 Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir.), cert. denied, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988)); Anthony v. Texaco, Inc., 803 F.2d 593 (10th Cir.1986) (characterizing a § 1132(a)(1)(B) claim alleging the wrongful withholding of benefits as providing an equitable basis for the issuance of a preliminary injunction); Nevill v. Shell Oil Co., 835 F.2d 209 (9th Cir.1987) (no right to a jury trial under ERISA, reaffirming Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir.1984), cert. denied, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985)). The United States Supreme Court has held that it is the responsibility of the federal courts to construe ERISA and, thereby, to develop a "`federal common law of rights and obligations under ERISA-regulated plans.'" See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989), quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987). Federal decisional law interpreting a federal statute, such as ERISA, and delineating the rights and obligations thereunder is binding on this Court under the Supremacy Clause of Article VI of the United States Constitution: "This Constitution, and the laws of the United States which shall be made in pursuance thereof ..., shall be the supreme law of the land; and the judges in every state shall be bound thereby; anything in the Constitution or laws of any state to the contrary notwithstanding." (Emphasis added.) See Southern Ry. v. Roberts, 380 So.2d 774, 776 (Ala.1979), overruled on other grounds, Tidball v. Orkin Exterminating Co., Inc., 583 So.2d 239 (Ala.1991), wherein Justice Shores, writing for this Court, and citing Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), relied on the Fifth Circuit Court of Appeals' interpretation of the Federal Employers Liability Act, 45 U.S.C. § 1 et seq.:
"What constitutes negligence for the purposes of the Federal Employers Liability Act is a federal question, and federal decisional law formulating and applying the concept governs."
See, also, Dickey v. West Boylston Mfg. Co., 251 Ala. 19, 21, 36 So.2d 106, 108 (1948), wherein this Court, relying on the Fifth Circuit's interpretation of the Housing and Rent Act of 1947, stated:
"This decision of the appellate federal court, construing a federal statute, in the absence of a contrary holding by the Supreme Court of the United States, is binding on this Court."
Generally, see the cases collected in 5A Ala. Digest, Courts, § 97(5) (1968).[2]
Therefore, based on the Eleventh Circuit's holding in Blake v. Unionmutual Stock Life Ins. Co. of America, supra, i.e., that a claim under § 1132(a)(1)(B) is equitable in nature and, thus, not subject to the requirements of the Seventh Amendment, we hold that the Gurganuses are not entitled to a jury trial on their claim for benefits under § 1132(a)(1)(B) and, consequently, that a writ of mandamus cannot issue to the trial judge in this case.
In a state court, a participant or beneficiary can recover benefits due to him under *907 the terms of his plan, enforce his rights under the terms of his plan, or clarify his rights to future benefits under the terms of his plan. Sections 1132(a)(1)(B) and 1132(e).
In a federal court, a participant or beneficiary can obtain all relief that he can obtain in a state court and, in addition, he can obtain "equitable or remedial relief" as the federal court may deem appropriate. Section 1132(a)(2) and § 1109.
WRIT DENIED.
INGRAM, J., concurs.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and STEAGALL, JJ., concur in the result.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
Except for that portion of the opinion specifically holding that this Court would be bound by the Eleventh Circuit's determination that a claimant is not entitled to a jury trial when suing to recover benefits under an ERISA plan, I concur in the opinion. While I think that the Eleventh Circuit decision correctly decides the question of the claimant's right to a jury trial under the Federal Constitution, I do not believe that decision is binding precedent. It appears to me that Alabama courts, if granted jurisdiction, as they are, to try claims such as this, then Alabama courts, in the absence of a decision of the Supreme Court of the United States, can decide every issue presented in the case, and especially those such as are presented here, a claimant's right to trial by jury. Although decisions of lower federal courts would be persuasive authority, I agree with Justice Shores, who concurs in the result, on this point.
SHORES, Justice (concurring in the result).
I agree that the claim here is brought by one to recover benefits allegedly due him under the terms of his medical insurance plan, and is, therefore, controlled by 29 U.S.C. § 1132(a)(1)(B) [§ 502(a)(1)(B), ERISA]. Therefore, the claim is equitable in nature in the sense that the participant is seeking to enforce the terms of the plan rather than seeking damages for breach of the terms of the plan. Because that is so, I agree that the participant is not entitled to a trial by jury in this case.
In Ingersoll-Rand v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Supreme Court of the United States, in a rare unanimous opinion, held that the remedies specifically enumerated in § 1132(a)(3) were not exclusive, and stated that the federal courts were free to fashion a remedy under that statute [§ 510, ERISA] where fraud had been alleged by a participant. Justice O'Connor, writing for the Court, said:
"Not only is § 502(a) [§ 1132(a) ] the exclusive remedy for vindicating § 510-protected rights, there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek `pension benefits.' It is clear that the relief requested here [compensatory and punitive damages for tortiously terminating a participant's employment] is well within the power of the federal courts to provide...."
498 U.S. at___, 111 S.Ct. at 486. State courts are equally free to fashion a remedy where a participant does not seek benefits due him under the terms of his plan, but instead seeks damages for fraud or other tortious conduct by the administrator of a plan. Section 1132(a)(1)(B), like § 1132(a)(3), is not exhaustive in remedies that are available to a defrauded participant in an ERISA plan, and state courts, like federal courts, are free to entertain such suits where the participant is able to state a claim cognizable under § 1132(a)(1)(B) that entitles him to damages.
The civil enforcement section of ERISA provides:
"§ 1132. Civil Enforcement [§ 502]
"(a) Persons empowered to bring a civil action
"A civil action may be brought
"(1) by a participant or beneficiary
"(A) for the relief provided for in subsection (c) of this section, or
"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, *908 or to clarify his rights to future benefits under the terms of the plan;
"(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; ..."
Section 1132(e) provides as follows:
"(e) Jurisdiction
"(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."
Thus, the person seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" under § 1132(a)(1)(B), may bring his suit in the federal district court or in the state court of competent jurisdiction. The plaintiffs in this case chose a state court in which to pursue their claim.
I do not agree, as the majority states, that state court jurisdiction is limited to enforcement actions brought under § 1132(a)(1)(B). State courts, like federal courts under § 1132(a)(3), have jurisdiction to entertain legal actions brought under § 1132(a)(1)(B) if a participant pleads, and can prove, that he is entitled to damages under a cognizable legal claim. Such actions would be triable to a jury, if a jury is demanded.
I believe that the Congress, in enacting ERISA, was attempting to protect the retirement and related funds for the benefit of the beneficiaries of those funds. To permit state courts to entertain a lawsuit for damages against a tort-feasor merely because the tort arose out of, or somehow involves, an ERISA fund does not in any way interfere with, or diminish, the goals sought by the Congress.
If these observations seem more appropriately addressed to a preemption argument, perhaps they are. However, the Supreme Court in Ingersoll-Rand, having concluded that all state causes of action are preempted, did hold that similar causes of action may be stated under ERISA.
Finally, I disagree with the majority's assertion that this Court is bound in all cases to follow the Court of Appeals for the Eleventh Circuit. While this Court has relied on federal appellate court decisions, such as in Southern Ry. v. Roberts, 380 So.2d 774 (Ala.1980), wherein, writing for the majority, I relied on an interpretation by the Fifth Circuit Court of Appeals of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., we are not bound to do so. This Court may rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court, under Article VI of the United States Constitution.
For these reasons, I concur in the result.
HORNSBY, C.J., concurs.
NOTES
[1] Continental is the underwriter and the administrator of the group medical insurance plan provided by Danny Gurganus's employer; Sandra Gurganus, Danny Gurganus's wife, is alleged to be a dependent beneficiary covered under the plan. The Gurganuses and Continental are at issue as to whether Danny Gurganus misrepresented Sandra Gurganus's medical history on the enrollment form and, thus, as to whether Continental had the right to cancel Sandra Gurganus's enrollment in the plan.
[2] This Court is not always bound by the decisions of the lower federal courts on federal questions, see e.g., Hunt v. Chemical Waste Management, Inc., 584 So.2d 1367 (Ala.1991) (Houston, J., concurring in the judgment) (federal appeals court's decision bearing on the constitutionality of an Alabama statute not binding on this Court), judgment reversed, ___ U.S. ___, 112 S.Ct. 2009, 119 L.Ed.2d 121 (1992); Ballew v. State, 292 Ala. 460, 296 So.2d 206 (1974) (federal appeals court's interpretation of an Alabama statute not binding on this Court), cert. denied, 419 U.S. 1130, 95 S.Ct. 816, 42 L.Ed.2d 830 (1975); Black v. Wilson, 281 Ala. 6, 198 So.2d 286 (1967) (federal district court's ruling as to the constitutionality of an Alabama statute not binding on this Court); Opinion of the Justices No. 204, 287 Ala. 331, 251 So.2d 749 (1971) (United States Supreme Court has final decision with respect to the constitutionality of an Alabama statute); Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970) (federal district court's interpretation of a decision of the United States Supreme Court not binding on this Court); Lokos v. State, 278 Ala. 586, 179 So.2d 714 (1965) (federal court's interpretation of a decision of the United States Supreme Court not binding on this Court), judgment vacated in part, 408 U.S. 935, 92 S.Ct. 2854, 33 L.Ed.2d 749 (1972); however, this Court has consistently held that it is bound by the interpretation placed on a federal statute by a federal appeals court charged with the responsibility of construing that statute.