HOUSTON, Justice.
The sole issue presented in this case is whether a writ of mandamus should issue directing the Honorable William J. Wynn, judge of the Jefferson County Circuit Court, to vacate his order striking Danny and Sandra Gurganus’s demand for a trial by jury on their claim against Continental American Life Insurance Company (“Continental”) for medical benefits, pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1132(a)(1)(B).[1]
*904 It is well settled that a writ of mandamus is proper to compel the granting of a trial by jury, when that right exists, Ex parte Rush, 419 So.2d 1388 (Ala.1982); therefore, resolution of this case depends on whether the Gurganuses are entitled to have a jury hear their claim against Continental — a claim that, as previously noted, is based on the denial of medical benefits allegedly due under an ERISA-regulated plan.
Section 1132(a)(1)(B) provides the sole mechanism by which rights arising under ERISA are enforced in state courts. § 1132(e). That section provides, in pertinent part, that “[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan.” ERISA is silent as to whether a plan participant or beneficiary has a right to a jury trial under this section. See Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA, 96 Harv.L.Rev. 737 (January 1983). The Gurganuses contend, however, that, although there is no statutory grant of a right to trial by jury in actions under § 1132(a)(1)(B), they are entitled under the Seventh Amendment to the United States Constitution to have their claim tried to a jury. Relying on Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and its progeny, the Gurganuses argue that their claim is analogous to a common law claim for breach of contract and that a breach of contract claim, being legal in nature, has historically carried with it the right to a trial by jury. Continental takes the position that the Gurganuses’ claim is analogous to an equitable claim by the beneficiary of a trust against the trustee for breach of a fiduciary duty. Continental argues that, historically, an action against a trustee to compel performance under the terms of the trust agreement has been tried to the court, not to a jury.
We have not been cited to, and our independent research has failed to discover, a controlling decision of the United States Supreme Court. We note that the Gurga-nuses' reliance on Haywood v. Russell Corp., 584 So.2d 1291 (Ala.1991), is misplaced. In Haywood, this Court phrased the issue as follows:
“The sole issue presented for our review is whether Haywood’s fraud claim, which is based on allegations that Russell interfered with Haywood’s right to receive benefits under the company’s group disability insurance claim, was preempted by ERISA.”
Finding the facts in Haywood virtually indistinguishable from those in Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), this Court concluded that Haywood’s fraud claim, which was based on allegations that she was entitled under state law to recover compensatory and punitive damages, was preempted by ERISA. However, based on the holding in Ingersoll-Rand, where a unanimous Court held that McLendon’s damages claim was cognizable under § 1132(a) upon removal to a federal district court, we reversed the summary judgment for the Russell Corporation and remanded the case to “permit [Haywood] to attempt to state a claim under § 510, ERISA.” Stating that the Ingersoll-Rand Court had “[recognized] the possibility of recovery of tort-like damages in ERISA cases,” this Court speculated that “this leads inexorably to the right of trial by jury in these ERISA cases.” As previously stated, however, it must be kept in mind that state court jurisdiction in ERISA cases is limited to enforcement actions brought under § 1132(a)(1)(B). Neither Haywood nor In-gersoll-Rand addressed the precise issue that is before us in the present case— whether there is a Seventh Amendment right to a jury trial under § 1132(a)(1)(B), the statutory basis for the Gurganuses’ claim for benefits under ERISA. Recently, however, the Eleventh Circuit Court of Appeals considered this issue and held that there is no Seventh Amendment right to a jury trial under § 1132(a)(1)(B). In Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525, 1526-27 (11th Cir.1990), the court stated:
“As to the claim to a jury trial under the Seventh Amendment, appellants concede that this Circuit has held that plain *905 tiffs are not entitled to a jury trial under ERISA when the issue is whether it was arbitrary or capricious for benefits to be denied. Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620 (11th Cir.1987) (rejecting claim that a suit for benefits under 29 U.S.C.A. § 1132(a)(1) should be tried to a jury); Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir.1987) (stating that the former Fifth Circuit squarely held that plaintiffs in actions under 29 U.S.C.A. § 1132(a)(1)(B) are not entitled to trial by jury); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir.1980), (following Wardle v. Central States, Southeast & Southwest Areas Pension Fund, 627 F.2d 820 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)).
“Circuit courts dealing with the jury trial issue in ERISA-regulated plans have generally followed Wardle’s reasoning. Cox v. Keystone Carbon Co., 894 F.2d 647 (3rd Cir.1990) (plaintiffs claim to Seventh Amendment jury trial dealt fatal blow by earlier decisions that section 502(a)(1)(B) claims are equitable in nature), petition for cert, filed, (U.S. Apr. 20, 1990) (No. 89-1721) [cert. denied, — U.S. —, 111 S.Ct. 47, 112 L.Ed.2d 23]; Daniel v. Eaton Corp., 839 F.2d 263, 268 (6th Cir.) (no right to a jury trial under § 502) (citing Crews v. Central States, 788 F.2d 332, 338 (6th Cir.1986)), cert. denied, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); Berry v. Ciba-Geigy, 761 F.2d 1003, 1006-07 (4th Cir.1985) (no right to jury trial in termination of pension benefits); Katsaros v. Cody, 744 F.2d 270 (2d Cir.), cert. denied, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); In re Vorpahl, 695 F.2d 318 (8th Cir.1982) (no jury trial required in cases under section 502). But cf. Stamps v. Michigan Teamsters Joint Council No. 43, 431 F.Supp. 745 (E.D.Mich.1977) (claims under § 1132(a)(1)(B) legal rather than equitable); Gangitano v. NN Investors Life Insurance Co., 733 F.Supp. 342 (S.D.Fla.1990) (constitutional right to jury trial exists in § 1132(a)(1)(B) action).
“The Blakes argue, however, that the change in the standard of review from arbitrary and capricious to de novo, made by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), converts the claim from an equitable claim to a breach of contract action, which entitles them to a jury trial under the Seventh Amendment.
“In our judgment, however, this argument cannot prevail. The nature of an action under section 502(a)(1)(B) is for the enforcement of the ERISA plan. Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan. Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimant were still under treatment, only an order for continuing benefits would be sufficient. This is traditionally equitable relief so that the cases relied upon by the appellants are not applicable. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (the Seventh Amendment requires a jury trial where a statute creates legal rights and remedies enforceable in an action for damages in a court of law); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (if a statutory right is not closely intertwined with a federal regulatory program, and the right is legal in nature, then it carries the Seventh Amendment’s guaranty of a jury trial).
“Thus we are constrained to follow the overwhelming precedent which has clearly determined that claims on medical insurance plans issued pursuant to ERISA are equitable in nature, and the de novo standard of review does not control the application of the Seventh Amendment. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (the right to a jury trial is determined by ‘the nature of the issues involved and the remedy sought’).”
See, also, Bair v. General Motors Corp., 895 F.2d 1094 (6th Cir.1990) (no right to a jury trial under § 1132(a)(1)(B), reaffirming *906 Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir.), cert. denied, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988)); Anthony v. Texaco, Inc., 803 F.2d 593 (10th Cir.1986) (characterizing a § 1132(a)(1)(B) claim alleging the wrongful withholding of benefits as providing an equitable basis for the issuance of a preliminary injunction); Nevill v. Shell Oil Co., 835 F.2d 209 (9th Cir.1987) (no right to a jury trial under ERISA, reaffirming Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir.1984), cert. denied, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985)). The United States Supreme Court has held that it is the responsibility of the federal courts to construe ERISA and, thereby, to develop a “ ‘federal common law of rights and obligations under ERISA-regulated plans.’ ” See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989), quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987). Federal decisional law interpreting a federal statute, such as ERISA, and delineating the rights and obligations thereunder is binding on this Court under the Supremacy Clause of Article VI of the United States Constitution: “This Constitution, and the laws of the United States which shall be made in pursuance thereof ..., shall be the supreme law of the land; and the judges in every state shall be bound thereby; anything in the Constitution or laws of any state to the contrary notwithstanding.” (Emphasis added.) See Southern Ry. v. Roberts, 380 So.2d 774, 776 (Ala.1979), overruled on other grounds, Tidball v. Or-kin Exterminating Co., Inc., 583 So.2d 239 (Ala.1991), wherein Justice Shores, writing for this Court, and citing Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), relied on the Fifth Circuit Court of Appeals’ interpretation of the Federal Employers Liability Act, 45 U.S.C. § 1 et seq.:
“What constitutes negligence for the purposes of the Federal Employers Liability Act is a federal question, and federal decisional law formulating and applying the concept governs.”
See, also, Dickey v. West Boylston Mfg. Co., 251 Ala. 19, 21, 36 So.2d 106, 108 (1948), wherein this Court, relying on the Fifth Circuit’s interpretation of the Housing and Rent Act of 1947, stated:
“This decision of the appellate federal court, construing a federal statute, in the absence of a contrary holding by the Supreme Court of the United States, is binding on this Court.”
Generally, see the cases collected in 5A Ala. Digest, Courts, § 97(5) (1968).[2]
Therefore, based on the Eleventh Circuit’s holding in Blake v. Unionmutual Stock Life Ins. Co. of America, supra, i.e., that a claim under § 1132(a)(1)(B) is equitable in nature and, thus, not subject to the requirements of the Seventh Amendment, we hold that the Gurganuses are not entitled to a jury trial on their claim for benefits under § 1132(a)(1)(B) and, consequently, that a writ of mandamus cannot issue to the trial judge in this case.
In a state court, a participant or beneficiary can recover benefits due to him under *907 the terms of his plan, enforce his rights under the terms of his plan, or clarify his rights to future benefits under the terms of his plan. Sections 1132(a)(1)(B) and 1132(e).
In a federal court, a participant or beneficiary can obtain all relief that he can obtain in a state court and, in addition, he can obtain “equitable or remedial relief” as the federal court may deem appropriate. Section 1132(a)(2) and § 1109.
WRIT DENIED.
INGRAM, J., concurs.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and STEAGALL, JJ., concur in the result.
MADDOX, J., concurs specially.

. Continental is the underwriter and the administrator of the group medical insurance plan provided by Danny Gurganus’s employer; Sandra Gurganus, Danny Gurganus’s wife, is alleged to be a dependent beneficiary covered under the plan. The Gurganuses and Continental are at issue as to whether Danny Gurganus misrepresented Sandra Gurganus’s medical history on the enrollment form and, thus, as to whether Continental had the right to cancel Sandra Gurganus's enrollment in the plan.

. This Court is not always bound by the decisions of the lower federal courts on federal questions, see e.g., Hunt v. Chemical Waste Management, Inc., 584 So.2d 1367 (Ala.1991) (Houston, J., concurring in the judgment) (federal appeals court’s decision bearing on the constitutionality of an Alabama statute not binding on this Court), judgment reversed, — U.S. —, 112 S.Ct. 2009, 119 L.Ed.2d 121 (1992); Ballew v. State, 292 Ala. 460, 296 So.2d 206 (1974) (federal appeals court's interpretation of an Alabama statute not binding on this Court), cert. denied, 419 U.S. 1130, 95 S.Ct. 816, 42 L.Ed.2d 830 (1975); Black v. Wilson, 281 Ala. 6, 198 So.2d 286 (1967) (federal district court’s ruling as to the constitutionality of an Alabama statute not binding on this Court); Opinion of the Justices No. 204, 287 Ala. 331, 251 So.2d 749 (1971) (United States Supreme Court has final decision with respect to the constitutionality of an Alabama statute); Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970) (federal district court’s interpretation of a decision of the United States Supreme Court not binding on this Court); Lokos v. State, 278 Ala. 586, 179 So.2d 714 (1965) (federal court’s interpretation of a decision of the United States Supreme Court not binding on this Court), judgment vacated in part, 408 U.S. 935, 92 S.Ct. 2854, 33 L.Ed.2d 749 (1972); however, this Court has consistently held that it is bound by the interpretation placed on a federal statute by a federal appeals court charged with the responsibility of construing that statute.