679 So.2d 686 (1996)
Ex parte METROPOLITAN LIFE INSURANCE COMPANY.
(Re W. R. EDGEWORTH v. METROPOLITAN LIFE INSURANCE COMPANY).
1941855.
Supreme Court of Alabama.
June 28, 1996.
David A. Elliott of Burr & Forman, Birmingham, for Petitioner.
Myron K. Allenstein, Gadsden, and Mac Downs, Gadsden, for Respondent.
*687 COOK, Justice.
The only issue presented by this petition for the writ of mandamus is whether the plaintiff is entitled to a jury trial in his action against the administrator of an ERISA-regulated employee health care benefit plan.
W.R. Edgeworth, a retired employee of LTV Steel Company, is a member of the LTV Health Care Plan ("the Plan"), a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.). MetLife is the administrator of the Plan and has discretionary authority to determine eligibility for benefits claimed under the Plan.
Edgeworth submitted claims to MetLife for expenses incurred in the care of his wife, a party "covered" under the Plan.[1] MetLife denied payment, stating that the care given to Edgeworth's wife at Wessex House, a nursing home in Gadsden, was specifically excluded by the following provision of the Plan:
"5.2 Limitations and Exclusions: The Plan shall not pay for charges to a Participant for:
". . . .
"(g) custodial care provided by a Home Health Care Agency, Hospital, or Skilled Nursing Facility."
The "summary plan description" of the Plan also contains a statement that the Plan does not cover confinement in a skilled nursing facility that is primarily for "custodial care." Mrs. Edgeworth suffered from Alzheimer's disease and required total custodial care (including feeding, bathing, dressing, turning in bed, motion exercise, decubitus care and prevention, and toileting) in addition to the skilled care she required for various chronic illnesses. The Plan does not define the terms "skilled care" and "custodial care."
Edgeworth requested that MetLife reconsider its decision that his claim was not covered by the Plan. At MetLife's request, Edgeworth submitted additional data to support his reasons for requesting review. MetLife reviewed the claim a second time and again determined that Edgeworth's claim was not covered by the Plan because, according to MetLife, Edgeworth's wife received primarily "custodial care," which is specifically excluded under the terms of the Plan.
Edgeworth sued MetLife, alleging 1) that MetLife had refused to pay a valid claim under the Plan (i.e., a claim for payment of benefits for his wife's care); 2) that MetLife had no valid basis for refusing Edgeworth's claim and had intentionally failed to determine whether there was a valid basis for refusing to pay; and 3) that MetLife, in violation of 29 U.S.C. § 1132(c), had failed to comply with Edgeworth's request that he be given a copy of Plan. Edgeworth claimed punitive damages in addition to the payment of benefits under the Plan, and he demanded a jury trial.
In its answer, MetLife denied any wrongdoing and asserted that Edgeworth's claims were governed by ERISA. MetLife moved to strike Edgeworth's demand for a jury trial, on the ground that, under ERISA, a jury trial is not available in litigation to determine the claim asserted by Edgeworth, which MetLife characterized as a traditional ERISA "enforcement" action.
During the pendency of MetLife's motion to strike the jury demand, Edgeworth filed a "Motion To Allow Restatement of Complaint With Minor Corrections." The "restated" complaint contained the following additions:
"7. [Edgeworth] claims benefits under 29 U.S.C. § 1132 (ERISA) in that said claim is preempted by ERISA.
"8. [MetLife] acted with wanton indifference to the rights of [Edgeworth] in denying benefits.
"9. [MetLife's] actions were willful, wanton, and oppressive in denying benefits.
"10. [MetLife] consciously or deliberately engaged in fraud, malice, wantonness, or oppression with regard to [Edgeworth].
"11. [MetLife has] in bad faith refused payment of said claim.

*688 "12. There was no lawful basis [for refusal to pay.]
"13. [MetLife had] actual knowledge that no lawful basis for refusal of payment exists....
"14. [MetLife's] intentional bad faith refusal to pay said claim was accompanied by malice, willfulness, or a wanton and reckless disregard of the rights of [Edgeworth]."
The trial court allowed Edgeworth to file the restatement. It denied MetLife's motion to strike the jury demand, and granted Edgeworth's jury demand.
MetLife petitions this Court for a writ of mandamus directing the Etowah Circuit Court to vacate its order denying MetLife's motion to strike Edgeworth's jury demand.[2] A writ of mandamus will issue to compel the granting of a trial by jury when the right to a jury trial is clearly shown, Ex parte Holt, 599 So.2d 12 (Ala.1992). MetLife seeks a writ compelling the denial of a trial by jury. The only issue raised by MetLife's petition is whether Edgeworth's claims entitle him to a jury trial.
MetLife argues, based on Ex parte Gurganus, 603 So.2d 903 (Ala.1992), that Edgeworth's complaint states an equitable claim to enforce a benefits plan governed by ERISA. Edgeworth's case, says MetLife, falls squarely within the holding in Gurganus, and, therefore, it argues, Edgeworth is not entitled to a jury trial.[3]
MetLife acknowledges this Court's recent decision in Weems v. Jefferson-Pilot Life Ins. Co., 663 So.2d 905 (Ala.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 434, 133 L.Ed.2d 348 (1995), but argues that Weems is not controlling here. MetLife interprets Weems as distinguishing, not overruling, Gurganus. According to MetLife, Edgeworth's action is equitable in nature and "does not involve alleged tortious activities such as those found in Weems"; therefore, it argues, Edgeworth is not entitled to a jury trial. We disagree.
We find Gurganus inapplicable to this case. Gurganus observed that "ERISA is silent as to whether a plan participant or beneficiary has a right to a jury trial under [§ 1132(a)(1)(B)]." 603 So.2d at 904. Gurganus, however, relied on Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525 (11th Cir.1990), and applied the reasoning the Eleventh Circuit Court of Appeals applied in Blakethat ERISA plaintiffs seek "traditionally equitable relief" and are not entitled to a trial by jury. We have now, however, departed from the holding in Blake.[4]
This Court, in Weems, supra, and in Haywood v. Russell Corp., 584 So.2d 1291 (Ala. 1991), adopted and applied the rationale and the holding of the United States Supreme Court in Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In those cases we held "that state and federal `courts are authorized to award damages, both extracontractual and even punitive, where the facts support them, ... though they are not specifically provided for in ERISA.'" Weems, 663 So.2d at 909, quoting Haywood, 584 So.2d at 1297 (emphasis added [in Weems]). We also held in those *689 cases that ERISA plaintiffs may be entitled to a jury trial on their claims "because the right to recover compensatory and punitive damages `leads inexorably to the right of trial by jury,' as guaranteed by U.S. Const. amend. VII." Weems, 663 So.2d at 913, quoting Haywood, 584 So.2d at 1298.
Edgeworth stated claims against MetLife alleging that, pursuant to the terms of the Plan, MetLife "owes" Edgeworth for expenses Edgeworth incurred caring for his wife. Edgeworth seeks only to recover those amounts that he claims are presently owed, along with punitive damages for MetLife's refusal to pay those amounts. He does not seek to enforce future payments under the terms of the Plan. We therefore determine that Edgeworth's claim is not in the nature of a claim for equitable relief, but is akin to a claim for legal relief. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Ex parte Twintech Industries, Inc., 558 So.2d 923 (Ala.1990); and Evans v. Evans, 547 So.2d 459 (Ala.1989).
Edgeworth alleged certain facts in support of his claim for punitive damages. However, we need not determine now whether those facts would support an award of punitive damages.
The trial court properly granted Edgeworth's demand for a jury trial. MetLife is not entitled to the relief it seeks in its petition.
WRIT DENIED.
ALMON, SHORES, KENNEDY, and INGRAM, JJ., concur.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur specially.
BUTTS, J., concurs in the result.
HOUSTON, Justice (concurring specially).
In Weems v. Jefferson-Pilot Life Insurance Co., 663 So.2d 905 (Ala.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 434, 133 L.Ed.2d 348 (1995), I dissented from the holding that a plaintiff had the right to a jury trial in an ERISA action. I dissented on the basis of Blake v. Unionmutual Stock Life Ins. Co., 906 F.2d 1525 (11th Cir.1990). However, because the United States Supreme Court denied certiorari review in Weems, I join the majority in denying the writ of mandamus in this case.
HOOPER, C.J., and MADDOX, J., concur.
NOTES
[1] Mrs. Edgeworth is now deceased.
[2] MetLife includes the following statement in its petition:

"On July 6, 1995, the trial court granted [Edgeworth] leave to file the restatement of complaint in the same order in which it denied MetLife's motion to strike [Edgeworth's] jury demand. MetLife then removed the action to the United States District Court ... on the grounds that, by amending his complaint, [Edgeworth] had revived MetLife's right to remove the case. On July 27, 1995, [Edgeworth] filed a motion to remand the case, and after entertaining arguments from the parties, the [federal district court] remanded the action to the Circuit Court of Etowah County on August 30, 1995."
[3] Gurganus held that, although money damages may be claimed in an ERISA action (29 U.S.C. § 1132(a)(1)(B)), the plaintiffs nonetheless were "in effect ... claiming the benefits they are ... entitled to under the plan," and were merely seeking enforcement of the planan equitable action. Ex parte Gurganus, 603 So.2d at 905 (quoting Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525 (11th Cir.1990)).
[4] We note, also, that Gurganus "held only that an action brought pursuant to § 1132(a)(1)(B), to determine the insurer's right to cancel an ERISA-regulated plan, was equitable in nature, and, consequently, did not carry a right to a trial by jury." Weems, 663 So.2d at 913 (emphasis added).