MOORE, Chief Justice
(concurring in the result).
I concur in the result reached by the main opinion and write separately to ex *769 press my belief that this Court is not bound by the federal district court’s decision in Ashe v. City of Montgomery, 754 F.Supp.2d 1311,1319 (M.D.Ala.2010).
This Court has expressly rejected the view that it is bound by decisions of federal district and appellate courts. In Ex parte Gurganus, 603 So.2d 903, 906 (Ala.1992), abrogated by Weems v. Jeffersm-Pilot Life Insurance Co., 663 So.2d 905 (Ala.1995), a plurality of this Court held that this Court was bound by decisions of federal appellate courts interpreting federal statutes. Justice Shores concurred in the result, writing: “This Court may rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court, under Article VI of the United States Constitution.” Gurganus, 603 So.2d at 908 (Shores, J., concurring in the result). Three years later, this Court stated that Gurganus, which was a plurality opinion, did not represent the position of the Court. Weems, 663 So.2d at 913. The Court then recognized the following rule:
“On the contrary, the correct rule, briefly stated, is that ‘[t]his Court may rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court.’ Gurga-nus, 603 So.2d at 908 (Shores, J., concurring specially) (emphasis in original).”
Weems, 663 So.2d at 913. Thus, Weems rejected the position that this Court is bound by a decision of a federal appellate or district court, holding that it is bound only by decisions of the United States Supreme Court under the authority of the United States Constitution.
Apparently, the trial court believed that it was bound by Ashe. The main opinion does not address whether Ashe binds this Court but instead carefully distinguishes it. Thus, if the main opinion might be construed to imply that we are bound by Ashe, which we are not, I wish to reiterate that this Court is not bound by a decision of a federal district court. With that said, I agree that the trial court’s summary judgment is due to be affirmed on Count 10 but is due to be reversed on Counts 5, 7, 8, 9, and 11. Therefore, I concur in the result.